[No. 11834. Department Two. — May 30, 1889.]

## JEAN PEYRE, APPELLANT, v. ANNIE PEYRE, RESPONDENT.

DIVORCE — PERMANENT ALIMONY — FINDINGS. — When a divorce is denied, permanent alimony cannot be granted the wife, under section 136 of the Civil Code, where no facts are either proved or found showing that the wife has a cause for divorce, or that the parties are not living together, or that permanent alimony is needed for her support and maintenance.

ID. — TEMPORARY ALIMONY — ALLOWANCE OF COUNSEL FEES. — Under section 132 of the Civil Code, the court may require the husband to pay to the wife temporary alimony and a reasonable attorney's fee; and no testimony is necessary to determine what the amount of the fee should be. The court may determine what is a reasonable fee from its own experience, and from the facts and circumstances of the case appearing before it; and may base the allowance on the ability of the husband to earn money, though it does not appear that he has money or other property with which to pay the amount allowed.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco.

The facts are stated in the opinion.

*Langhorne & Miller*, for Appellant.

There is no finding of fact to justify the judgment awarding permanent alimony. Some ground therefor must appear. (*Ball* v. *Montgomery*, 2 Ves. 195; *Galland* v. *Galland*, 38 Cal. 265; *Glover* v. *Glover*, 16 Ala. 442; *Purcell* v. *Purcell*, 4 Hen. & M. 507; *Hodges* v. *Hodges*, 82 N. C. 122; *Butler* v. *Butler*, 4 Litt. 203; *Hagle* v. *Hagle*, 68 Cal. 588.) There is no finding upon the material issues raised by the answer. (*People* v. *Forbes*, 51 Cal. 628; *Billings* v. *Everett*, 52 Cal. 661; *Phipps* v. *Harlan*, 53 Cal. 87; *Shaw* v. *Wandesforde*, 53 Cal. 300.) There is no finding of ability of the husband to pay permanent alimony. (*Eidenmuller* v. *Eidenmuller*, 37 Cal. 364; *Galland* v. *Galland*, 44 Cal. 475; *Ex parte Cottrell*, 59 Cal. 418; *Ex parte Wilson*, 73 Cal. 97.)

*Edward P. Cole,* and.*R. Johnson,* for Respondent.

The judgment and order appealed from may be modified at any time, and need not be supported by findings which imply a new trial of the case. (*Ex parte Perkins,* 18 Cal. 64; *Wilson* v. *Wilson,* 45 Cal. 399.) No findings were required on the answer, for if made in favor of plaintiff, they would not change the result. (*Gates* v. *McLean,* 70 Cal. 46; *Senter* v. *Senter,* 70 Cal. 619; *Wise* v. *Burton,* 73 Cal. 175.) The allowance of counsel fees without proof was proper. (*Llamosas* v. *Llamosas,* 62 N. Y. 619; *Estate of Dorland,* 63 Cal. 282; *Head* v. *Hargrave,* 105 U. S. 48.)

BELCHER, C. C.—Plaintiff and defendant were husband and wife. Plaintiff commenced an action for divorce on the ground of defendant's habitual intemperance. Defendant by her answer denied the charge made against her, and, as a separate defense, alleged that while she was sick, plaintiff, with intent to make her worse, compelled her to drink some mixture concocted by him, and that after she had taken it she became so ill that she was unable to leave her bed; "and while she was ill the plaintiff caused her to be removed to a hospital for inebriates, and had her imprisoned therein without her consent for the period of one week; that there was no reason or cause for the act of plaintiff, but that he did so to compel defendant to leave him, and he has forced her to leave and abandon her home and to seek the protection of friends." It is then alleged that defendant has no means to defend the suit or on which to live, and that plaintiff is worth the sum of three thousand dollars. The prayer is for judgment in her favor, and that plaintiff be compelled to pay her alimony and counsel fees.

The cause was tried and findings filed, stating in effect that defendant had not been guilty of habitual or any intemperance whatever. Thereupon judgment was en-

tered, denying the plaintiff's prayer for a divorce, and requiring him to pay defendant "permanent alimony in the sum of twenty dollars per month, payable in advance on the first day of each and every month hereafter, beginning on the first day of April, A. D. 1886, and the further sum of twenty dollars attorney's fees."

From this judgment plaintiff appealed, and has brought the case here on the judgment roll. He now asks that that part of the judgment which awards alimony and counsel fees be reversed, on the ground that it is wholly unsupported by any findings of fact.

1. The judgment, in so far as it gives alimony, was evidently based upon the supposed authority of section 136 of the Civil Code, which reads as follows:—

"Though judgment of divorce is denied, the court may, in an action for divorce, provide for the maintenance of the wife and her children, or any of them, by the husband."

That section was before the court for consideration in *Hagle* v. *Hagle*, 68 Cal. 588, and 74 Cal. 608. In the former case the trial court found, among other things, that while there was no sufficient cause for a divorce, the husband's conduct toward his wife was cold, harsh, and disagreeable, making it unpleasant for her to live with him; that the marriage was an unhappy one from the beginning; that there was no love between the parties, and no probability that they would ever live together again as husband and wife; and that under the circumstances as shown twenty-five dollars per month was a reasonable sum to be provided by the husband for the maintenance of the wife. Judgment was accordingly entered denying a divorce, and requiring the husband, until further order of the court, to pay to his wife for her maintenance the sum of twenty-five dollars per month. And this judgment was affirmed on appeal. In the last case it was held that the courts of this state have no authority to grant a divorce *a mensa et thoro*,

or to compel a husband to support his wife while she is living separate and apart from him, against his will and consent, without any statutory ground for an absolute divorce, or any statutory ground for her absence from his home. And speaking of section 136, *supra,* the court said: " The objects of the provision evidently are to enable the court in a proper case to aid in a restoration of domestic harmony, to prevent the breaking up of the family,—especially where there are children of tender age and delicate health, — and to require penurious husbands to furnish decent support for their wives, and for the care and education of the children, where the parties have no cause for divorce on statutory grounds, or where the innocent party has condoned the offense."

In view of these decisions, we think the court erred in granting to defendant *permanent* alimony. The affirmative defense set up in the answer was deemed to be denied, and there is nothing in the record showing that any proof was offered in support of those allegations, or tending to show that the parties were not living together, or that defendant then needed or would need alimony for her support and maintenance. If such proofs were offered, the court should have found the facts so that it could be seen that the relief granted was necessary and proper.

2. Section 132 of the Civil Code provides that "when an action for divorce is pending, the court may, in its discretion, require the husband to pay as alimony any money necessary to enable the wife to support herself or her children, or to prosecute or defend the action."

Under this section the court was authorized to require the plaintiff, by an order entered for that purpose, to pay the defendant temporary alimony and a reasonable attorney's fee. And no testimony was necessary to determine what the amount of the fee should be. "The court could determine from its own experience, and from

the facts and circumstances of the case, as they appeared to it from the pleadings and other papers and proceedings, what was a reasonable fee." (*Llamosas* v. *Llamosas*, 62 N. Y. 618; *Estate of Dorland*, 63 Cal. 282.) Nor was it necessary to appear that plaintiff had money or property with which to pay the amount ordered to be paid. "The allowance may be based upon his earnings or his ability to earn money." (*Eidenmuller* v. *Eiden-muller*, 37 Cal. 364.)

We conclude, therefore, that the judgment, in so far as it awards permanent alimony, should be reversed, and that in all other respects it should stand affirmed.

FOOTE, C., and HAYNE, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment, in so far as it awards permanent alimony, is reversed, and in all other respects it is affirmed.