[Civ. No. 8495. First Appellate District, Division One.—May 20, 1932.]

CLARIBEL C. GAVEL, Respondent, v. RALPH R. GAVEL, Appellant.

J. E. Light for Appellant.

Max B. Jamison for Respondent.

DOOLING, J., *pro tem.*—In 1928 the plaintiff and respondent secured an interlocutory decree of divorce from defendant and appellant whereby the custody of their minor son was awarded to plaintiff, and defendant was required to pay plaintiff $40 per month for the child's support. In 1929 a final decree of divorce was made and entered containing the same provisions. In 1931 appellant filed a verified petition asking the court to modify the divorce decree so as to award him the custody of his son during the period of school terms and to decrease the amount of the award to respondent for his support. An order to show cause was issued and after a hearing was dismissed. From the order dismissing the order to show cause this appeal is taken.

That the trial court has a very wide discretion in the matter of awarding the custody of children has been so often held that it will suffice on the point to cite only one recent opinion of the Supreme Court. (*Taber* v. *Taber*, 209 Cal. 755 [290 Pac. 36].) It should also be borne in mind that upon a proceeding to modify a provision for the custody of a child, the burden is on the moving party to satisfy the court that conditions have so changed as to

justify the modification. Every presumption is in favor of the reasonableness of the original decree and, in the absence of a showing that compels the conclusion that the decree should be modified, an appellate court cannot interfere with the trial court's refusal to modify it.

Appellant showed that he had been married in 1931 and had a home in Pasadena suitable for his son, and that the mother lived twenty-eight miles from the high school which the son attended, as a consequence of which the boy had to travel fifty-six miles daily to and from school in a school bus. At the time of the hearing the boy was about sixteen years of age. Those facts were not such as to compel the trial court to change the custody of the boy from the mother to the father. There was no attempt to show that the mother's home was not suitable or the mother in any way unfit, and the trip to and from school in the school bus was not shown in any manner to be harmful to the boy. While, all other things being equal, an older child and a son should by preference be awarded to the custody of the father, this is a mere rule for the guidance of the trial court and may easily be outweighed by other circumstances.

Appellant showed that since the entry of the decree of divorce his earnings had somewhat decreased but the showing was not such as to compel the trial court to find that he was unable to pay $40 per month. He made no showing that that amount was not reasonably necessary for the boy's support.

It appeared that during the preceding summer vacation the boy had earned money and supported himself for between two and three months. This afforded no basis for modifying the amount to be paid in the future.

Finally appellant complains that the court made no findings. On this proceeding findings were not necessary. (*Simmons* v. *Simmons*, 22 Cal. App. 448, 455, 456 [134 Pac. 791].)

The order appealed from is affirmed.

Knight, Acting P. J., and Cashin, J., concurred.