[Civ. Nos. 16140, 16083.  Second Dist., Div. Two.  May 11, 1948.]

EVELYN SMITH, Plaintiff and Appellant, v. HAMPTON SMITH, Defendant and Appellant.

Olof G. Hoegstedt and John J. Craig for Plaintiff and Appellant.

Alfred C. Ackerson for Defendant and Appellant.

McCOMB, J.—These appeals are from: (1) an order modifying the provisions of a final decree of divorce relating to the custody of children (2d Civ. No. 16140), (2) an order fixing the sum of $250 as the amount of plaintiff's attorneys' fees, costs, and expenses in opposing the order to show cause which initiated the above mentioned modification order (2d Civ. No. 16140), and (3) an order allowing plaintiff (appellant) $500 as attorneys' fees, court costs, and expenses in aid of her appeal from the foregoing orders (2d Civ. No. 16083).

The record sustains the following implied findings of fact of the trial court: On August 30, 1937, plaintiff and defendant were married, and as issue of the marriage are two daughters. On January 15, 1945, plaintiff filed an action for divorce. On February 28, 1945, an interlocutory decree of divorce was granted to plaintiff, which decree awarded custody of the minor children to her with the right of reasonable visitation by defendant. This reasonable visitation was defined in the decree as meaning that defendant should have the right to see his minor children at the home of plaintiff at reasonable hours, and also the right to take his children with him on alternate week-ends.

At the time of the divorce litigation between the parties defendant was regularly employed in the city of Los Angeles, and his work required him to be absent from the city only occasionally. Subsequent thereto his business required his absence from the city for extended periods, e. g., in 1945, he was absent from California a total of eight months, and at the time of the hearing of the order to show cause he anticipated being absent from the city a considerable portion of his time in the future. When in Los Angeles he maintains a regular residence where his children have their own bedroom, furniture, clothes, etc. In addition to defendant's testimony, a neighbor, Mrs. Helen Maxson, wife of Dr. John

Maxson, assistant professor of geology at the California Institute of Technology, testified that she and her husband were neighbors of defendant and his wife; that they visited each other frequently; that their children played together; that she was intimately acquainted with defendant; and that in her opinion his household was above criticism. Other witnesses also testified as to the fitness of defendant and his present wife to have the custody of defendant's children.

The trial judge ordered a modification in the provisions for custody in the final divorce decree by directing that:

"The defendant Hampton Smith shall have the right to visit said minor children at the home of the plaintiff, Evelyn Smith, at all reasonable hours and shall have physical custody of the children on alternate weekends, from Friday afternoon until 7:00 p. m. Sunday evening.

"That said Hampton Smith shall have physical custody of said minor children for the first one-half of each summer vacation beginning the first day after the termination of the regular school term.

"That the said defendant Hampton Smith shall have physical custody of said minor children for at least one full week of each Christmas vacation or for one-half of each Christmas vacation whichever be the longer period; that said period shall be a continuous period, excepting only that the children shall be at the home of the plaintiff, Evelyn Smith, from the day before Christmas to Christmas night, at which latter time said children may be visited by the defendant, Hampton Smith;

"That the rights of each of the parties under the foregoing modified custody order is conditioned and dependent upon which said party complying with and adhering to the directions, prescriptions, medication, diet, advice and treatment pertaining to the physical welfare and physical necessities of the minor children herein, as given by Dr. Ralph Netzley or his successor or successors."

The trial judge also made the following orders:

(1) "That the plaintiff and defendant shall at all future times permit, foster and encourage relationships and contacts between said children, Cheryl Suzanne Smith and Stephanie Smith and their blood relatives, and that neither party to this action shall attempt, by any act, deed or otherwise, to prejudice, bias or influence adversely said children, or either of them, so as to prevent or influence adversely their

normal and natural feelings and relations to the parties hereto, or to their blood relatives.''

(2) ''That the defendant, Hampton Smith, shall pay within 90 days to Olof G. Hoegstedt and Victor S. Cogen, the attorneys for plaintiff, the sum of $250.00 as and for attorneys' fees, costs and disbursements in these proceedings.''

Thereafter on April 9, 1947, the trial court made an order (a) allowing plaintiff $500 as attorneys' fees for the purpose of appealing from the previous orders, and (b) ordering defendant to pay the costs for the preparation of the record on appeal, and the costs of printing plaintiff's briefs on appeal.

## APPEAL FROM THE FIRST ORDER

Four questions are presented for determination in connection with this order which will be stated and answered hereunder consecutively.

First: *Was there substantial evidence to sustain the trial court's implied finding that there had been a change in conditions subsequent to the time of the entry of the final decree of divorce, March 15, 1946, in which the custody of the minor children of the parties was fixed?*

This question must be answered in the affirmative. It is the general rule, subject to certain exceptions not necessary for us to consider here, that to warrant a modification of an order for custody of minor children there must be evidence of a change of circumstances arising after the entry of the original decree. (*Foster* v. *Foster,* 8 Cal.2d 719, 728 [68 P.2d 719]; *Johnson* v. *Johnson,* 72 Cal.App.2d 721, 723 [165 P.2d 552]; *Peterson* v. *Peterson,* 64 Cal.App.2d 631, 633 [149 P.2d 206].)

In the present case the evidence sustains the implied finding of the trial court that at the time the original order for custody of the children was made their father, defendant, was employed in the city of Los Angeles and would have the opportunity of visiting with them at frequent intervals, but that subsequent to the entry of such order his business had changed and it became necessary for him to be absent from the city for extended periods of time. The conditions had therefore changed making it advisable for the trial court to enter an order permitting defendant to have custody of his children for (a) half of the summer vacations, and (b) one full week each Christmas vacation or for one half of each Christmas vacation whichever period should be the longer.

This evidence accompanied by evidence that defendant and his wife were fit and proper persons to have the custody of the children and maintained a proper home for them was substantial evidence to sustain the trial court's implied finding to this effect, and to support the order of modification. We, of course, must disregard any evidence introduced by plaintiff tending to a different conclusion. This rule is so well established that it is unnecessary to give authorities in support thereof even though plaintiff has failed to observe the rule in presenting her case to this court.

Second: *Did the court err in not making written findings of fact as to the moral fitness of plaintiff and defendant to have the custody of their children?*

This question must be answered in the negative for the reason that it is the general rule that written findings of fact are not essential to sustain an order modifying a decree of divorce by changing the order relative to the custody of minor children. (*Gavel* v. *Gavel*, 123 Cal.App. 589, 591 [11 P.2d 654]; see also *Simmons* v. *Simmons*, 22 Cal.App. 448, 456 [134 P. 791].)

Third: *Did the trial court commit prejudicial error in excluding from evidence a letter written by defendant's present wife to him on July 4, 1944, together with a fantasy which accompanied the letter entitled, "A Dream"?*

This question must also be answered in the negative. It is the general rule that in a proceeding for an order modifying a divorce decree's provision relative to the custody of minor children only such evidence is admissible as bears on the interest of the children, and generally this evidence must be limited to such proper, relevant and material evidence as has arisen subsequent to the entry of the divorce decree. (*Washburn* v. *Washburn*, 49 Cal.App.2d 581, 588 [122 P.2d 96].)

In the instant case the evidence which was excluded had reference to facts that had occurred prior to the entry of the decree for divorce and which had no bearing upon the question of the moral fitness of defendant's wife at the time of the hearing which preceded the present order from which the appeal is taken. Therefore such evidence was properly excluded under the foregoing rule.

Fourth: *Did the trial court err in ordering that plaintiff and defendant at all future times foster and encourage relationships and contacts between the minor children and their blood relatives?*

This question must also be answered in the negative. Clearly there is nothing erroneous in the questioned order. There may be some doubt as to the practicability of trying to enforce it. However, it is self-evident that the best interests of the children require that both parents should encourage them to have a proper respect and admiration for their mother and father and their other blood relatives. It has been repeatedly announced by decisions in this state that in considering an order of the type here involved, the ultimate aim of the court is the best interest and welfare of the minor children, and the personal feelings and desires of the parents should not be permitted to prevent a full and complete consummation of this objective.

### APPEAL FROM THE SECOND ORDER

██ The single question presented on the appeal from this order is:

*Did the trial court abuse its discretion in awarding plaintiff only $250 for counsel fees and costs?*

This question must also be answered in the negative. The trial court is vested with discretion as to the amount of money the wife is to be allowed for her attorney, and in the absence of a showing of a plain abuse of the exercise of such discretion, the amount allowed by the trial judge will not be disturbed on appeal. (Civ. Code, § 137.5; *Peyre* v. *Peyre*, 79 Cal. 336, 339 et seq. [21 P. 838].)

██ Disregarding contrary evidence, evidence was received which would support a finding that plaintiff had an income of her own and that the only sum necessary to be awarded to her to properly defend and preserve her rights was the sum of $250. Therefore the order will not be disturbed on appeal.

### APPEAL FROM THE THIRD ORDER

██ *Did the trial court award plaintiff an excessive amount in allowing her $500 for attorneys' fees on appeal and the costs of preparing the record and briefs?*

This question must be answered in the negative. The rule is here applicable which is stated in discussing the appeal from the second order. In the absence of a showing of abuse of the trial court's discretion the order should be affirmed. We are of the opinion that there is no showing of an abuse of discretion. Again, disregarding contrary evidence there is evidence to support the implied finding of the trial court

that defendant had the ability to pay the amount fixed, and from the trial judge's knowledge of the time and research necessary to properly present the material to the appellate court, together with his knowledge of the nature of the questions involved, we cannot say that there is a clear showing of an abuse of discretion, and the order should be affirmed.

For the foregoing reasons each of the orders from which an appeal is taken is affirmed.

Moore, P. J., and Wilson, J., concurred.

A petition for a rehearing was denied May 27, 1948.