[L. A. No. 21201. In Bank. Apr. 28, 1950.]

ROBERT E. CLARKE, Appellant, v. DOROTHY P. CLARKE, Respondent.

Clarence Hansen for Appellant.

Vaughan, Brandlin & Wehrle and Warren J. Lane for Respondent.

SHENK, J. — The plaintiff has appealed from an order modifying the provisions of an interlocutory divorce decree with respect of custody of the minor daughter of the parties.

On March 29, 1948, the plaintiff husband filed a complaint for divorce on the ground of extreme cruelty. At that time the child was 20 months old. In the complaint it was alleged that the defendant wife was a fit and proper person to have the care, custody and control of the child. A property settlement agreement provided that the defendant should have custody of the child except for the months of July, August and the first two weeks of September of each year, when the plaintiff should have custody, with reasonable rights of visitation by both parties, and that neither party should remove the child from the state without the written consent of the other. The interlocutory decree, entered May 10, 1948, without reference to the agreement, provided only that the defendant should have the custody of the child with the exception of the period stated when the plaintiff should have custody.

The parties had formerly lived in New York. After the decree they continued to reside in California until July, 1948, when the wife returned to New York to find employment. She obtained employment and established a home with her sister in the latter's apartment in New York City. In October, 1948 with the plaintiff's consent the defendant's mother took the child to New York, joined the family group, and assisted the defendant in the care of the child. During this time the defendant admittedly had a questionable love affair with one Alfred Korf. The plaintiff received information of the affair, went to New York, and on March 10, 1949, while the defendant and Korf were at a theatre, took the child from the apartment without the defendant's consent and brought her to California.

The defendant's petition for a writ of habeas corpus and the plaintiff's application for an order modifying the interlocutory decree to award custody to him, came on for hearing on April 7, 1949. Both parties, their counsel, and the child were present. At the termination of the hearing the court made the following order: "The order made on May 10, 1948, is modified as follows: Custody of the minor child is awarded to the plaintiff, for a period of six months from this date subject to defendant's right of reasonable visitation. Thereafter the defendant shall have custody of the

child. Until further order of the Court, both parties are ordered not to remove the child from the State of California for a period of six months.''

The principal contention on the appeal is that the court abused its discretion in not modifying the interlocutory decree by awarding unlimited custody of the child to the plaintiff. It is argued that the defendant's conduct required the requested modification.

The rules for the guidance of the trial court in awarding custody are stated in section 138 of the Civil Code, viz.: (1) by what appears to be for the best interest of the child in respect to its temporal and its mental and moral welfare; and (2) as between parents adversely claiming custody, neither is entitled to it as of right, but other things being equal, if the child is of tender years it should be given to the mother.

The court had before it evidence of the conduct of both parties. The defendant admitted the affair with Korf and testified that they had plans to marry as soon as the divorce decree should become final which would be in about a month's time from the date of the hearing. There is also testimony that she and her intended husband, who was then a dental student, were able to take care of and would make a home for the child, who at that time was not yet 3 years of age. On the other hand the evidence showed that the plaintiff was studying for a musical or theatrical career; that his income to the time of the hearing was indefinite and inadequate, but that at the time of the hearing he was employed. The admitted questionable character of his companions is also shown by the record. The plaintiff testified that the child's maternal grandmother was willing to assist him in the care of the child. The grandmother, however, on cross-examination by defendant's counsel testified: ''Q. You would like to have the child with you, would you not? A. Not particularly. I cannot answer that truthfully.''

An abuse of discretion must be clearly established before the reviewing court will interfere with an award of custody. (*Wolfe* v. *Wolfe*, 30 Cal.2d 1, 5 [180 P.2d 345]; *Munson* v. *Munson*, 27 Cal.2d 659, 666 [166 P.2d 268]; *Prouty* v. *Prouty*, 16 Cal.2d 190, 191 [105 P.2d 295].) The trial court is given wide latitude of discretion in determining whether other things are equal within the meaning of the code section. (*Taber* v. *Taber*, 209 Cal. 755, 756 [290

P. 36].)   ▆   It is the welfare of the child and not the short-comings of the respective parties which is determinative. (*Washburn* v. *Washburn,* 49 Cal.App.2d 581, 588 [122 P.2d 96].)   The court exercised a reasonable discretion in con-cluding in effect that "other things" were at least "equal," and that no cause existed for depriving the mother of the child's custody except for the six-month period deemed nec-essary for adjustment as to her future plans and for the preparation of a home for the child. The argument that the court was considering factors other than those bearing on the welfare of the child is not justified.   ▆   The plain-tiff has not shown an abuse of discretion in the modification order by which he was given custody for six months.   No good reason appeared why the defendant at the end of that period should not be permitted to remove the child to her new home wherever it might be established.   (*White* v. *White,* 68 Cal.App.2d 650 [157 P.2d 415].)

▆   The plaintiff also contends that the court abused its discretion in failing to reserve to the plaintiff a right of reasonable visitation.   The question of the plaintiff's right to visit the child was not raised at the hearing.   Further-more his right of visitation was not included in the inter-locutory decree.   In the absence of express prohibition, rights in that regard ensue from parenthood (*Wand* v. *Wand,* 14 Cal. 512, 518), and were recognized in the property settlement agreement between the parties.   It was probably not deemed necessary to include the specific requirement in the decree or the modification order.   As the trial court indicated at the hearing, if at the end of the six-month period or at any other time conditions change so as to warrant a further mod-ification, application to that end could be made.

The order is affirmed.

Gibson, C. J., Edmonds, J., Carter, J., Traynor, J., Schauer, J., and Spence, J., concurred.