522

IRVIN K. WHITE, Appellant, v. BETTY J. WHITE, Respondent.

Hugh Culler for Appellant.

Albert Lee Stephens, Jr., and Joseph J. Burris for Respondent.

McCOMB, J.—This is an appeal from the portion of an order in an interlocutory decree of divorce granting the custody of the minor child of the parties to defendant (mother of the child).

*Facts:* Plaintiff instituted an action for divorce against defendant. Thereafter pursuant to an order to show cause to determine the temporary custody of the minor child of the parties the trial court on September 27, 1950, entered an order placing the physical custody of the child, pendente lite, with the paternal grandmother, Mrs. Myrtle Rhodes.

Thereafter and at the time of the divorce action the trial court made a finding that both parties were fit persons to

have custody of the child and awarded custody to defendant (the mother).

■ *Questions*: First: *Since there was not any showing of a change in conditions from the time the trial court made its order for the temporary custody of the child to the time that it made the order in the interlocutory decree of divorce awarding the custody of the child to the mother, was the trial court without jurisdiction to make the latter order?*

*No.* The order of September 27, 1950, was purely a temporary order pending the trial of the action and did not in any way limit the power of the court at the time of trial to make such order as the evidence disclosed at that time was for the best interest of the minor child of the parties.

It was not necessary therefore that defendant introduce any evidence to show there had been a change of conditions from the time the court made its preliminary order for the temporary custody of the child.

*Prouty* v. *Prouty*, 16 Cal.2d 190 [105 P.2d 295], and *Foster* v. *Foster*, 8 Cal.2d 719 [68 P.2d 719], and similar decisions are applicable to cases where the custody of a child has been fixed in an interlocutory or final decree of divorce. They are not applicable to temporary orders pending the hearing of a divorce action.

■ Second: *Did the trial court err in awarding the custody of the minor child to the mother (defendant)?*

*No.* Section 138(2) of the Civil Code reads in part as follows: "As between parents adversely claiming the custody, neither parent is entitled to it as of right; but other things being equal, if the child is of tender years, it should be given to the mother; if it is of an age to require education and preparation for labor and business, then to the father."

In the instant case the trial court found that as between plaintiff and defendant they were both qualified to have the custody of their child. In other words, as pointed out in the quoted section "things were equal between the parties," and therefore the trial court properly followed the policy outlined in such section of awarding the custody of the child, which was of tender years, to her mother.

The order in the interlocutory decree from which an appeal is taken is affirmed. The appeal from the order made July 16, 1951, pendente lite, is dismissed.

Moore, P. J., and Fox, J., concurred.