[Crim. No. 2446. Third Dist. June 1, 1953.]

In re Joseph A. Macedo on behalf of MADERA MACEDO, on Habeas Corpus.

Aye & Meader for Petitioner.

George I. Lewis for Respondent.

SCHOTTKY, J.—Petitioner, the father of Madera Macedo, a minor of the age of 4 years, filed in this court a petition for a writ of habeas corpus praying that the care, custody and control of said minor child be restored to him.

The petition alleged that petitioner and his wife, Bonnie Macedo, were divorced by an interlocutory decree entered in the Superior Court of Solano County on October 6, 1952,

and that the care, custody and control of the minor was awarded to the mother, with visitation rights in petitioner.

The petition alleged further that on February 2, 1953, the same superior court made an order taking the custody from said mother upon the ground that she was not a fit and proper person to have the care, custody and control of said child and giving the care, custody and control of said child to the probation officer of Solano County.

The petition then alleged that the mother still had the care, custody and control of said child and that since the order of the superior court had made no finding that petitioner was not a fit and proper person to have the care and custody of said child, the court was without jurisdiction to grant its care and custody to the probation officer and that the said child was unlawfully kept in the custody of the said probation officer.

This court issued an order to show cause why a writ of habeas corpus should not be issued, said order to show to be served upon Bonnie Macedo, the mother, and Jule O. Pritchard, the probation officer.

An opposition and answer to the petition was filed by Bonnie Macedo, the mother, stating:

". . . that she is now residing at Sacramento, California and that said child is now with her and that she has said child in the custody of another person during her working hours; but alleges, that she has said child in her custody by reason of the fact, that when said child was placed in the custody and control of the Probation Officer of the County of Solano, by an Order of the Superior Court of the State of California, in and for the County of Solano, made and granted and entered by the Honorable Harlow V. Greenwood on the 2nd day of February, 1953, it was stipulated and stated that she was to retain custody of said child until demand was made by said Probation Officer upon her to surrender the custody of said child. That demand has never been made upon her to surrender said child by the Probation Officer although he has at all times been advised by her of the whereabouts of said child; that further said Bonnie Macedo has also advised the said petitioner herein, Joseph A. Macedo, of the whereabouts of said child."

Said answer further stated that "petitioner is not entitled to relief as prayed for herein, for the reason that petitioner has the right to appeal from the order complained of, together

with the further remedy of modification upon the showing of a change of circumstances justifying same."

At the hearing before this court counsel for petitioner argued that habeas corpus is a proper means of determining the right to custody of minor children, and contended that petitioner as a parent could not be deprived of the care and custody of the minor child because it was not shown that he was unfit to have said care and custody. While these statements are correct as abstract propositions of law, there are a number of reasons why we would not be justified in granting a writ of habeas corpus in the instant proceeding.

In the first place the said order of February 2, 1953, made the following findings:

"3. The court finds that the defendant Joseph A. Macedo does not have an adequate place to take care of said minor child.

"4. The court finds that the plan of Joseph A. Macedo to have the care, custody and control of said minor child and the physical custody of said minor child placed with the sister of the said Joseph A. Macedo would create difficulty between the parents of the said child.

"5. The court finds that it is for the best interest and welfare of the minor child that the sole care, custody and control of said minor child be given to the Probation Officer of the County of Solano."

The testimony given at the hearing which resulted in the order of February 2d not being before us, we must assume that it supports said findings. As was said in *Prouty* v. *Prouty,* 16 Cal.2d 190, at page 194 [105 P.2d 295]: "The question as to whether a parent is a fit or proper person to have the custody of a minor child refers, however, to his or her fitness at the time of the hearing. . . . " (See, also, *Hamilton* v. *Hamilton,* 104 Cal.App.2d 111 [231 P.2d 69].)

Secondly, it appears that preceding the order of February 2, 1953, a hearing was had before the court at which petitioner was personally present and was also represented by counsel. It appears further that no appeal was taken from said order and that no application has been made to the court to modify its said order because of changed circumstances. There can be no doubt that the court had jurisdiction to make the order and that said order is still in effect. If, as petitioner asserts, the probation officer has improperly permitted the minor child to remain with the mother, his remedy is not a writ of habeas corpus but is more properly an applica-

tion in the superior court in the divorce proceedings to have the order modified.

In view of the foregoing the petition for a writ of habeas corpus is denied.

Van Dyke, P. J., and Peek, J., concurred.