[L. A. No. 22376.   In Bank.   Oct. 16, 1953.]

RALPH C. DAVIS, Respondent, v. ELEANOR MAY DAVIS,
Appellant.

564

Siemon & Siemon for Appellant.

Kenneth N. Hastin for Respondent.

SHENK, J.—In this supplementary proceeding in a divorce action the plaintiff, Ralph C. Davis, applied for a modification of the provision of the divorce decree which awarded to the mother, Eleanor May Davis, the custody of their 5-year-old daughter, Patricia Diana Davis. Pursuant to the application the trial court awarded the custody of the daughter to the father. The mother appeals from the order.

The decree of divorce was granted to the defendant on her cross-complaint. The interlocutory decree was entered on April 3, 1947, and the final decree on April 7, 1948. As above noted the custody of the daughter was awarded to the mother. Following a hearing on March 14, 1950, on the plaintiff's application, the court modified the decree with respect to visitation rights but continued the matter for further hearing to June 20, 1950, when evidence was taken and the decree was again modified with respect to those rights. The matter was then continued to December 19, 1950, when it was postponed indefinitely. On December 28, 1951, on application of the plaintiff supported by affidavit, the court issued an order requiring the defendant to show cause why she should not be held in contempt for violating court orders and why the custody provisions of the divorce decree should not be modified by awarding custody of the daughter to the plaintiff.

The application was made on the ground that the defendant had violated the visitation rights of the plaintiff and that

under conditions obtaining since the original order of custody was made it was for the best interests of the child to transfer custody to the plaintiff. The appeal is presented on a settled statement. There was no adjudication of contempt. The custodial order was changed without making any findings or recitation of facts upon which it was based.

As between parents ''it is the general rule that written findings of fact are not essential to sustain an order modifying a decree of divorce by changing the order relative to the custody of minor children.'' (*Smith* v. *Smith,* 85 Cal.App.2d 428, 433 [193 P.2d 56]; see, also, *Stever* v. *Stever,* 6 Cal.2d 166 [56 P.2d 1229]; *Exley* v. *Exley,* 101 Cal.App.2d 831 [226 P.2d 662]; *Gavel* v. *Gavel,* 123 Cal.App. 589 [11 P.2d 654]; *Simmons* v. *Simmons,* 22 Cal.App. 448 [134 P. 791].)

In a contest between parents concerning the custody of their minor child neither is entitled to custody as a matter of right. Under the statute (Civ. Code, § 138(2)) each is equally entitled to custody and no showing or finding of unfitness is necessary to enable the court to award custody to one or the other in accordance with what, in its sound discretion, is deemed the best interests of the child. (*Munson* v. *Munson,* 27 Cal.2d 659, 666 [166 P.2d 268]; *Stever* v. *Stever, supra,* 6 Cal.2d 166, 169; *Beal* v. *Beal,* 218 Cal. 755, 758 [24 P.2d 768].) It is therefore assumed that each parent in this case was deemed by the court to be a fit and proper person to have custody of Patricia. It is also assumed that the modification was ordered in view of conditions presently existing which, in the judgment of the court, were more favorable to the child's welfare than those present at the time the custodial order was made in the original divorce decree.

The court has broad discretion in matters pertaining to the change of custody of children. However, it is the general rule that to warrant the modification of a custodial order there must be substantial evidence of a change of circumstances after the entry of the original decree. (*Gantner* v. *Gantner,* 39 Cal.2d 272 [246 P.2d 923]; see, also, *Prouty* v. *Prouty,* 16 Cal.2d 190 [105 P.2d 295].) It is the position of the defendant that the order here under review lacks sufficient evidentiary support and that the court abused its discretion in making the change of custody.

In examining the evidence it is noted that the same trial judge presided at the divorce trial and at the subsequent modification proceedings. He must therefore be deemed to have been familiar with the circumstances existing at the

time of the divorce trial and subsequent hearings. He could take all of this evidence into consideration as a basis for comparison. (*Gantner* v. *Gantner, supra,* 39 Cal.2d at pages 276-277.)

In support of the order the evidence shows that after her divorce from the plaintiff the defendant had remarried; that proceedings to divorce her present husband, White, were pending; that she was contemplating marriage to a fourth husband, a man residing in Nevada, as soon as her divorce from White should become final; that in October, 1951, she suddenly decided to go to Nevada with friends by automobile in order to visit her prospective husband and stayed there for more than a week; that she left Patricia and her three children by other marriages in the care of a practical nurse; that she had never before met this nurse, became known to her through a newspaper advertisement, and apparently made no attempt to investigate her qualifications; that on the day the defendant left for Nevada Patricia was suffering from a cold; that while she was in Nevada the plaintiff went to the defendant's home on a day designated by a court order to take possession of Patricia; that he found her and the other children under the care of the nurse who was having difficulty in properly administering to the needs of Patricia; that the plaintiff took the child to Bakersfield where he arranged for medical treatment; that upon the defendant's return from Nevada he informed her by telephone that he had Patricia under a doctor's care, and that the defendant showed little concern about the sick child, and that at this time the child remained with the plaintiff for five weeks.

The defendant testified that she was unemployed; that she had been working at hotels as a regular waitress in the evening and at other times as a cocktail waitress, and that when she was employed away from home she left her children with her mother.

The plaintiff alleged unfitness on the part of the defendant to have further custody of the child. Under the circumstances there was no necessity for the trial court to make a finding on this point.

The record is sufficient to support the conclusion that the defendant's subsequent marital status, the circumstances of her later home life, and her recent apparent lack of devotion to the child, were such as to render it advisable to have custody of the child transferred to the plaintiff. These mat-

ters could be taken into consideration as a basis for the conclusion. (*Crater* v. *Crater*, 135 Cal. 633, 634 [67 P. 1049].) No abuse of discretion has been shown.

The order is affirmed.

Gibson, C. J., Edmonds, J., Carter, J., Traynor, J., and Spence, J., concurred.

Schauer, J., concurred in the judgment.