324 P.2d 674]

[Civ. No. 17675.   First Dist., Div. One.   May 1, 1958.]

MADELAINE ADLESON, Appellant, v. FRANK
ADLESON, Respondent.

Robert J. Grossman for Appellant.

Todd & Todd and Henry C. Todd for Respondent.

PETERS, P. J.—This is an appeal by Mrs. Adleson from an order of the superior court refusing to modify a prior order granting physical custody and control of two of the four minor children of the broken marriage to her husband, Mr. Adleson.

In September of 1955, Madelaine Adleson secured an interlocutory decree of divorce from Frank Adleson. This decree, among other things, provided that Mrs. Adleson should have the exclusive care, custody and control of the four minor children of the marriage, with the right of visitation granted to Mr. Adleson. The children are named Susan, Sydney, Steven and Stacey. On May 4, 1956, by stipulation of the parties, the interlocutory decree was modified by court order so as to grant physical possession of Sydney and Steven to the father, with legal custody of the four children remaining in the mother. In August of 1956, Mrs. Adleson instituted this present proceeding to secure a modification of the May 4, 1956, order to provide for a restoration of the right of physical custody of Sydney and Steven to her. After a hearing, the court issued the following order: "It is hereby ordered that there be no modification of the previous Order of Court

of May 4, 1956, and that the defendant father, Frank Adleson, shall have physical care, custody and control of Sydney and Steven Adleson, as set forth in said Order of Court dated May 4, 1956;

"It is further ordered that in all ways said Order of May 4, 1956, is confirmed and made a part of this Order."

Mrs. Adleson appeals from this order. She makes several arguments in her briefs, but basically her contention is that the order of which complaint is made is based on insufficient evidence, in that, it is claimed, the evidence without conflict shows that the best interests of the children require the requested modification of the May 4th order. In other words, it is necessarily contended that the trial court abused its discretion in making the order.

The law applicable to such proceedings is well settled, and has recently been summarized in the case of *Holsinger* v. *Holsinger*, 44 Cal.2d 132 [279 P.2d 961]. There a final decree gave the husband and wife joint legal custody of their two children, with physical custody in the mother and visitation rights in the father. On motion of the father the trial court modified this order by granting to the father physical custody of the 10-year-old boy with visitation rights in the mother, and by granting to the father the exclusive authority to make arrangements for the boarding and educational program of the 12-year-old girl. The mother appealed, making substantially the same contentions that are made in the instant ■ The Supreme Court summarized the applicable law as case. The trial court's order of modification was affirmed. follows (p. 135):

"Neither parent is entitled to the custody of a child as a matter of right. 'Under the statute (Civ. Code, § 138(2)) each is equally entitled to custody and no showing or finding of unfitness is necessary to enable the court to award custody to one or the other in accordance with what, in its sound discretion, is deemed the best interests of the child.' (*Davis* v. *Davis*, 41 Cal.2d 563, 565 [261 P.2d 729].) ■ 'It is the welfare of the child and not the shortcomings of the respective parties which is determinative.' (*Clarke* v. *Clarke*, 35 Cal.2d 259, 262 [217 P.2d 401].)

■ " 'It is the settled rule that, in determining who should have the custody of the minor children of the parties to divorce actions, a very broad discretion is vested in the trial courts. It is only when a clear case of abuse of said discretion is made out that this court will interfere with the deter-

mination of the trial court on appeal.' (*Prouty* v. *Prouty,* 16 Cal.2d 190, 191 [105 P.2d 295]; accord: *Gantner* v. *Gantner,* 39 Cal.2d 272, 275 [246 P.2d 923]; *Clarke* v. *Clarke,* 35 Cal.2d 259, 261 [217 P.2d 401].) ▮ '[T]he correct rule for a trial court to follow when considering the modification of a custody decree, is: "The court, in revising and modifying its decree, proceeds upon new facts considered in connection with the facts formerly established, the change of circumstances, the conduct of the parties, and the best interests of the child."' (*Prouty* v. *Prouty,* 16 Cal.2d 190, 195 [105 P.2d 295]; accord: *Davis* v. *Davis,* 41 Cal.2d 563, 565 [261 P.2d 729].)"

The present case falls directly within the rules above set forth. At the time of trial in September, 1956, Susan and Sydney, twins, were 8 years old, Steven was 6½, and Stacey was 4. The two children involved in the order of May 4, 1956, are Sydney and Steven. The respondent lives in Palo Alto, while the appellant lives in Monrovia. Appellant conceded that she agreed to the modification of May 4, 1956, but testified she did so because the twins were then having difficulty getting along together, and because, at that time, she and her four children were living with her sister who has three children. Appellant also testified that after May 4th, while Stacey was staying with her father, she was allowed to go barefoot and as a result got a crushed foot in an electric door. Respondent testified that this occurred on a hot summer day when the child was permitted to go barefoot and that the accident was unavoidable. Appellant also testified that while Susan was visiting her father she took an overdose of dexedrine. Respondent testified that the dexedrine is kept in an upper cabinet in the kitchen 6 feet from the floor, and that Susan climbed up on the kitchen sink to reach the pills. Susan suffered no ill effects from the experience. It is to be noted that, not only did respondent explain these two occurrences to the satisfaction of the trial court, but they involved the two children not affected by the order of May 4th.

Appellant claims that Sydney has acquired a hair condition while living with her father which she thinks was caused by lice. Mr. Adleson testified that both Sydney and Susan did have a scalp ailment, but that it was first discovered immediately after Mrs. Adleson returned with the four children from a four-month visit to Mexico. Mr. Adleson has had the condition successfully treated.

Appellant fears that Sydney and Steven are being alienated

from her while they remain with respondent. There is no evidence that respondent has caused this condition to exist, if it does exist. Appellant objects that during the day, after school, Sydney and Steven are under the supervision of respondent's mother who, according to appellant, is extremely nervous and neurotic and is unable to stand the noise created by the children. Respondent testified that during the summer, when the children were in his custody, he sent them to a private school, and hired a baby sitter, who is a high school girl, to assist his mother. He also testified that his mother is not nervous or neurotic and that, in any event, he plans to remarry a woman with two children of her own, one of whom will live with them, and that his mother has decided to move to Texas. Appellant also objects to the neighborhood where respondent lives, because the children across the street "play doctor, and various other sexual games." Respondent testified that the home had been selected by appellant during their marriage, and is adequate for him and the children and his new wife and her children, having four bedrooms. Appellant testified that her house has two bedrooms and is located on a large fenced lot. The evidence shows that Mr. Adleson is a Cub Scout leader, a member of the Palo Alto Stanford Council of Scouts, teaches Sunday School and is vice-president of the National Lay Group of the Unitarian Church.

There is no evidence that either parent is unfit to have physical custody of the two children involved. No doubt both love the children and would adequately care for them. But on May 4, 1956, the appellant consented that the prior order be modified so as to grant physical custody of the two children to respondent, because at that time she believed the best interests of these two children required that they be placed with respondent. During the time the children were with the respondent the visitation rights of the mother were not interfered with; in fact, the father only had physical custody of Sydney and Steven from May 4, 1956, to July 25, 1956, the children returning to visit appellant on that date. Appellant filed the present proceeding in August of 1956. There is nothing in the record to show that the respondent is not a proper person to have custody; in fact, the record indicates the contrary. Appellant has certainly failed to show that the welfare of the children, which is the basic consideration, requires that she be given custody. In such cases, as was pointed out in the Holsinger case, *supra,* the trial court is

vested with a very broad discretion. To overrule that discretion appellant must show that it has been abused. This she has not done.

The order appealed from is affirmed.

Bray, J., and Wood (Fred B.), J., concurred.