[Nos. A044317, A044319, A044320. First Dist., Div. One. May 14, 1990.]

In re JENNIFER G. et al., Persons Coming Under the Juvenile Court Law.
MENDOCINO COUNTY DEPARTMENT OF SOCIAL SERVICES, Plaintiff and Respondent, v.
LES G. et al., Defendants and Appellants.

COUNSEL

Donnelly & Saalfield and James S. Donnelly for Defendants and Appellants.

Susan Massini, District Attorney, for Plaintiff and Respondent.

OPINION

STEIN, J.—We have consolidated the appeals of In re Jennifer G., In re Joshua G., and In re Justin G. Each minor is the child of appellants Les and Jeannie G. and, in each, appellants appeal from the dispositional order of the juvenile court following a permanency planning hearing, insofar as the

order provides that "Visitation with the mother and fater [*sic*] be under the direction of the Department Social Services."

Appellants' sole contention is that the trial court improperly delegated the power to determine visitation to the Mendocino County Department of Social Services. We find that the determination of the right to visitation and the frequency of visitation are a part of the judicial function and must be made by the court; however, the implementation and administration of the court's order may properly be delegated to an administrative agency such as the department of social services. Finding that the orders at issue delegate not only administerial but judicial functions to respondent Mendocino Department of Social Services, we will reverse the order and remand the action to the juvenile court.

## FACTS

Appellants make no contention that the facts do not support the removal of the minors from their parents. Suffice it to say, that a number of juvenile court proceedings preceded those at issue here and that substantial evidence supports the court's decision to terminate parental control and seek permanent placement of the minors with others.

## DISCUSSION

As to each child, the court issued its written findings and order providing:

"The minor is to remain a Dependent Child of the Court.

"The welfare of the minor requires that custody continue to be assumed by the Court as return of the minor to the physical custody of his/her parents will create a substantial risk of detriment to the physical or emotional well being of the minor.

"The Court finds that the minor cannot be returned to the physical custody of his/her parents and there is no probability that the minor will be returned within the next six months.

"The minor continues to be committed to the care, custody and control of the Department of Social Services.

"Suitable placement is approved.

"Visitation with the mother and fater [*sic*] be under the direction of the Department Social Services."

"*. . . . . . . . . . . . . . . . . "*. . . .

"The Court orders Social Services to provide Permanent Placement Services.

"The matter is continued to December 15, 1989 for a Three Month Review."

■■■■ In addition, the court ordered that Joshua and Justin be referred to the State Adoptions Office for Adoptive Planning, that a stable and permanent placement be found for Jennifer and that the guardianship process be initiated as to her.[1]

Appellants argue that the court's order must be overturned (1) because it improperly delegated judicial power to an executive branch: the Department of Social Services, and (2) because appellants' due process rights have been violated by permitting an adversary party to define the parents' rights to visitation.

*1. Delegation of Power to Determine Visitation*

■ There is no question but that the power to regulate visitation between minors determined to be dependent children (Welf. & Inst. Code, § 300 et seq.) and their parents rests in the judiciary. The judicial power in this state is vested in the courts. (Cal. Const., art. VI, § 1.) " 'The judicial function is to "declare the law and define the rights of the parties under it." [Citation.]' " . . . and "to make binding orders or judgments." (*People* v. *Bird* (1931) 212 Cal. 632, 640-641 [300 P. 23].) ■ Parents have the right of visitation from the fact of parenthood. (*Clarke* v. *Clarke* (1950) 35 Cal.2d 259, 262 [217 P.2d 401]; *Exley* v. *Exley* (1951) 101 Cal.App.2d 831, 839 [226 P.2d 662].) "The parental right to have children and to the custody of those children is included among the liberties protected by the due process clause. ■ 'The concept of personal liberties and fundamental human rights entitled to protection against overbroad intrusion or regulation by government is not limited to those expressly mentioned in either the Bill of Rights or elsewhere in the Constitution, but instead extends to basic values "implicit in the concept of ordered liberty" [citation] and to "the basic civil rights of man." [Citation.] Among such basic liberties and rights

---

[1] Respondent Mendocino County Department of Social Services, relying on the court's oral remark that "with respect to Joshua and Justin, I find that the minors will not benefit from continuing this relationship," argues that the court in fact ordered no visitation between appellants and Joshua and Justin. The court's order is that which is written, signed and filed. (Code Civ. Proc., § 1003.) To the extent that the court's oral pronouncement differed from its written order, the written order controls.

not explicitly listed in the Constitution are the right "to marry, establish a home and bring up children" [citation]; the right to educate one's children as one chooses [citations]; . . . and the right to privacy and to be let alone by the government in "the private realm of family life." [Citations.]' (*City of Carmel-By-The-Sea* v. *Young*, 2 Cal.3d 259, 266-267 [85 Cal.Rptr. 1, 466 P.2d 225]; see *Armstrong* v. *Manzo*, 380 U.S. 545 [14 L.Ed.2d 62, 85 S.Ct. 1187], holding that the termination of a father's parental rights by adoption proceedings without according him notice of hearing violated due process.)" (*Lois R.* v. *Superior Court* (1971) 19 Cal.App.3d 895, 901-902 [97 Cal.Rptr. 158].)

■ Thus, the court must define the rights of the parties to visitation. The definition of such a right necessarily involves a balancing of the interests of the parent in visitation with the best interests of the child. In balancing these interests, the court in the exercise of its judicial discretion should determine whether there should be any right to visitation and, if so, the frequency and length of visitation. The court may, of course, impose any other conditions or requirements to further define the right to visitation in light of the particular circumstances of the case before it.

On the other end of the spectrum, however, are the ministerial tasks of overseeing the right as defined by the court. These tasks can, and should, be delegated to the entity best able to perform them, here the department of social services. Such matters as time, place and manner of visitation do not affect the defined right of a parent to see his or her child and thus do not infringe upon the judicial function. While neither the administrative agency nor the parents have the power to redefine the right to visitation, each may petition the court to modify its order defining that right; i.e., either can seek to further extend or limit the right to visitation or to terminate visitation altogether.[2]

■ Reviewing the orders here at issue in light of our determination that the juvenile court has the sole power to define the right to visitation, we find the orders improper and inadequate in that they determine neither whether the parents have a right to visitation nor, assuming that such a right was intended, the frequency and length of visitation.[3]

---

[2] See Welfare and Institutions Code section 385 et seq., which sets forth the court's authority to modify any order made in the exercise of its jurisdiction. See, particularly, section 388 which provides that "Any parent or other person having an interest in a child who is a dependent child of the juvenile court or the child himself through a properly appointed guardian may, upon grounds of change of circumstance or new evidence, petition the court in the same action in which the child was found to be a dependent child of the juvenile court for a hearing to change, modify, or set aside any order of court previously made or to terminate the jurisdiction of the court. . . ."

[3] It may be that the oral pronouncement that Joshua and Justin "will not benefit from continuing this relationship" indicated a decision to terminate appellants' right to visitation with

Our conclusion is consistent with that reached by the court in *In re Danielle W.* (1989) 207 Cal.App.3d 1227 [255 Cal.Rptr. 344], which upheld the order of the juvenile court that " 'Visitation will be at DCS' [Department of Children's Services] discretion and the children's discretion. . . . And it should be a site where the Department of Children's Services should consider the convenience of all the parties.' " finding, "[T]he order simply authorizes the Department to administer the details of visitation, as specified by the court. Although the order grants the Department some discretion to determine whether a specific proposed visit would be in the best interests of the child, the dominant factor in the exercise of that discretion is the desire of the child to visit the mother. . . . [¶] We point out, however, that a visitation order granting the Department *complete* and *total discretion* to determine whether or not visitation occurs would be invalid. . . . The juvenile court must first determine whether or not visitation should occur, as was done here, and then provide the Department with guidelines as to the prerequisites of visitation or any limitations or required circumstances." (*Id.* at pp. 1233, 1237, italics in original.)

The court further rejected the mother's argument that the order violated her right to due process because the juvenile court established no means of reviewing the decision of the social worker and the minor, no guidelines to control the social worker's exercise of power, and no way for the mother to play any part in visitation decisions. "[T]he order was limited and subject to periodic review by the court. Appellant was not prevented from communication with the Department and the social workers. Furthermore, a parent may petition the court for modification of any order upon grounds of change of circumstances or new evidence. (§ 388.) Thus, the appellant could bring to the attention of the juvenile court any difficulties encountered with the Department's administration of the visitation order or inform the court of matters which would justify a change in the order." (*In re Danielle W., supra,* 207 Cal.App.3d at p. 1238.)

Appellants here have raised no similar argument of lack of due process. We find, however, that as in *In Re Danielle W.,* the orders specify a periodic review and there are no facts from which it might be inferred that appellants' access to the department of social services or to the court has been improperly limited.

## 2. Delegation of Visitation Rights to an Adversary

Appellants argue that the "delegation of authority regarding visitation to an adversary party violates traditional notions of due process and fair play."

---

Justin and Joshua. The pronouncement, however, is not free from ambiguity and, as discussed *ante,* it is the court's written order that controls.

Appellants are incorrect in their claim that the department of social services was their adversary in these proceedings. The department of social services, which acts as a probation officer, "acts as *an arm of the court* [our italics] in the best interests of the minor. . . . Pursuant to statutory authority it acts 'as a representative of the state which stands *in loco parentis* to the minor in a proceeding whose primary consideration is the minor's welfare.' " (*In re Danielle W., supra*, 207 Cal.App.3d at pp. 1234-1235.) In any event, while it certainly would be improper to permit an adversary to adjudicate the rights of a parent (*Lois R.* v. *Superior Court, supra*, 19 Cal.App.3d at p. 903), it is the court and not the department of social services that defines the parents' rights. We see no due process problems in permitting the administrative agency, whether or not it may be viewed as an "adversary," to carry out the court's order.

The order is reversed and the matter is remanded to the juvenile court for clarification of its order for visitation between the minors and their mother and father consistent with the principles enunciated in this opinion.

Racanelli, P. J., and Newsom, J., concurred.