[Civ. No. 5428. First Appellate District, Division One.—October 24, 1927.]

CLARETTA GREENE, Appellant, v. WILLIAM E. GREENE, Respondent.

Lawrence Sledge for Appellant.

Thomas D. Johnston, H. M. Bishop and James F. Hoey for Respondent.

TYLER, P. J.—Appeal from an order refusing to modify a decree of divorce with reference to alimony. It appears from the record that appellant Claretta Greene instituted an action for divorce against respondent William E. Greene on December 15, 1923. Prior to the filing of the complaint the parties entered into an agreement settling their property rights. The agreement after providing for a certain property settlement in favor of the wife recited in substance that the defendant would pay in addition thereto the sum of fifty dollars per month for a period of four months and no longer. It further provided that defendant by reason of said payments was not relieved from the obligation to make further payments in a reasonable amount for the support of plaintiff after the expiration of the four months' period it being recited that it was the intent and purpose of the parties that at the expiration of such time the amount of support to be paid by defendant to plaintiff was to be left to the mutual agreement of the parties, or in the event that they were unable to agree upon an amount, by a proceeding in a court of competent jurisdiction. Subsequently, and on the ninth day of January, 1924, an interlocutory decree of divorce was rendered in favor of plaintiff and in said decree it was provided that plaintiff receive as alimony the sum of fifty dollars per month from November 1, 1923, to March 1, 1924, and thereafter the sum of ten dollars per month, until further order of court. A final decree was entered February 15, 1925. Subsequently, on June 15, 1925, plaintiff filed a notice of motion for increase of alimony from ten dollars to fifty dollars per month. In her affidavit filed in support thereof she alleged her inability to support herself by reason of sickness due to defendant's cruelty inflicted upon her during the time they lived together as husband and wife. An affidavit was also filed by her physician in support of her motion, which recited that she was suffering from a particular ailment. Defendant denied the allegations contained in plaintiff's affidavit and claimed that if she was suffering from the ailment alleged, such ailment was due to her own misconduct, for which de-

fendant was not responsible. The trial court denied plaintiff's motion and this is an appeal from such order. Respondent in support of the order insists that there was no showing made that would justify the court in modifying the original decree. ■ The granting or the refusal to grant such motions is a matter that rests largely in the discretion of the trial court. Before the appellate courts will interfere, it must be made clearly and affirmatively to appear upon the face of the record in the case that this discretion has been abused. ■ No such showing is here made.

The order is affirmed.

Knight, J., and Cashin, J., concurred.