[L. A. No. 12910. In Bank.—February 9, 1934.]

LOU CRAIG MERRITT, Respondent, v. HULETT C. MERRITT, Jr., Appellant.

Bertin A. Weyl for Appellant.

No appearance for Respondent.

THE COURT.—The question presented by this appeal is whether or not the trial court should have denied a motion to modify a previous order for alimony and support of a minor child in a divorce case. Certain accrued allowances for such purpose were not paid, and the court below further found that the only income of defendant was his monthly salary, which was less than the amount of the monthly allowance, and that he had no other property or assets or credit facilities except the possibility of borrowing from relatives or others.

We are of the view that the order appealed from should be reversed, with directions to the trial court to accord the parties an opportunity to introduce further evidence, and to enter such order as may then be found just and equitable.

The appeal is by the defendant husband from a special order made after final judgment in a divorce action denying his motion for modification of the allowance for support of plaintiff and the minor child. Interlocutory decree of divorce was entered December 1, 1926, and an order made at that time for payment of $1,000 per month, pursuant to agreement of the parties, which was subsequently increased to $1100 per month by an order from which defendant appealed, and which was affirmed. (See *Merritt* v. *Merritt,* 106 Cal. App. 234 [289 Pac. 240].)

Later, upon a showing of decreased income by the defendant, the allowance was reduced to $800 for the period of June, 1928, to January, 1929, with a special proviso inserted by the judge that the modification shall not relieve the defendant from civil liability for nonperformance of the property settlement upon which the previous order was based. In June of 1930 the plaintiff filed an application to have defendant adjudged guilty of contempt for failing to comply with the court's order for support and maintenance, alleging substantial arrears on account thereof. An order to show cause was duly issued and served, and in response thereto defendant filed affidavits of himself and his employer's attorney showing his inability to make the monthly payments or to obtain the money to meet the past due and unpaid sum, and also filed notice of a motion for modification of the order for support of plaintiff and minor child by reducing the payment to plaintiff from $750 per month for herself and $350 per month for the child to $300 per month for her maintenance and $200 for the child. Voluminous affidavits were filed in support of and in opposition to the respective motions and by consent of the parties they were heard together in November, 1930, and thereafter the court made an order finding that "defendant's only income is his salary amounting to $800 per month, and that he has no other property or assets belonging to him or under his control from which he receives any additional income, or which could be converted into cash,

. . . and is not in wil.ful disobedience of the order of the court. . . . That defendant has no credit facilities whatsoever except the possibility of borrowing additional sums from his father or others who have heretofore financially assisted him, and that defendant has not exhausted his efforts or ability to borrow or obtain credit from said persons.'' Then followed the order purging defendant of contempt, and the provision from which the appeal is taken and upon which argument for reversal is predicated: ''That if defendant shall on or before December 17, 1930, pay to plaintiff in full the amount of his arrearage, being the sum of $8,750, and further amounts that shall have in the meantime become due under the existing orders of this court without interest, the court will find that the defendant is able to pay only $600 per month upon his agreement with plaintiff embodied in the decree of divorce aforesaid, and that such sum only and no more shall be enforceable by decree of court; otherwise defendant's motion for modification of the order requiring him to pay the sum of $1100.00 per month to plaintiff for her support and the support and maintenance of the minor child of plaintiff and defendant will be denied.''

The transcript was filed March 7th and appellant's opening brief, with acknowledgment of service by attorney for plaintiff was filed April 4, 1931. No respondent's brief has been filed and no extension of time applied for or given. The respondent was ordered to show cause at the December Los Angeles term of court why the order appealed from should not be reversed or other appropriate order made. There was no appearance on behalf of the respondent and the case was submitted for examination and appropriate order.

■ By section 1 of rule V of this court, it is provided that if respondent shall not file his points and authorities the cause may be submitted for decision upon appellant's brief, in which case the court may, in its discretion, decide the case upon the statement of facts contained in such brief. The foregoing statement of facts is taken largely from the brief. Therein it is conceded there appears to be no California authority directly in point. ■ We think, however, the principles which should govern herein are correctly declared in the cited cases of *Craig* v. *Craig*, 163 Ill. 176

[45 N. E. 153], and *Boyden* v. *Boyden,* a Rhode Island case, reported in 50 R. I. 326 [147 Atl. 621, 66 A. L. R. 214], and that we should follow in this state the rules therein announced.

In the former case the court said:

"If the existence of accrued and unpaid alimony should be held to absolutely prevent the court from altering, reducing or altogether abrogating future instalments of alimony, then it would result that in cases of pecuniary inability of defendant to pay and discharge all arrearages of alimony, the court would be powerless to grant relief as to future and further alimony, no matter what the changed conditions of the parties in the property, or how loudly the facts and circumstances might call for the equitable intervention of the court. The hands of a court of equity are not thus bound."

In the latter case it was said:

"Alimony . . . should be ordered upon evidence that a husband himself has means of compliance or a capacity to acquire them if he make reasonable effort. . . . Alimony . . . where the husband is without property may not be based on the husband's hope of gratuities or the court's surmise that he will receive them. It may be unfortunate for the petitioner . . . but she is entitled to demand from him as a matter of right only such support as he is reasonably able to furnish from his property or earnings."

Without discussing the claims of concealment and subterfuge on the one hand or the assertions of good faith upon the other, it appears to us that the intervening time may have demonstrated the facts as distinguished from the belief of the parties and we feel the entire matter should be set at large for the introduction of further testimony if the parties, or either of them, so desire and the entry of such order as to the court may then seem just and equitable.

The order appealed from is reversed and the cause remanded to the trial court for such further proceedings as may be deemed appropriate.