[Civ. No. 12750.   Second Dist., Div. Two.   Oct. 2, 1941.]

MARY A. STORRS, Respondent, v. AARON PUTNAM STORRS, Appellant.

Sloane & Steiner and John W. Holler for Appellant.

Fred O. Reed, Richard L. Kirtland and Henry E. Kappler for Respondent.

HANSON, J. *pro tem.*—Defendant appeals from an order entered on April 6, 1939, modifying the terms of the interlocutory and final decrees of divorce theretofore entered on September 2, 1937, and November 10, 1938, respectively.

The main contention of appellant is that the court below did not have jurisdiction to make the order. The record discloses that the decree was awarded to the wife, respondent here, with a provision that each parent have custody of two children for six months in each year and ordering the husband to pay to the wife for her support and that of the children the sum of $100 each month regardless of whether the children were residing with the mother or the father. Within a year of the date upon which the interlocutory decree was entered respondent caused to be served upon appellant an order to show cause why he should not be required to pay her $200 per month during the nine months school period of each year and $100 during the remaining months of the year, and why the custody of the children should not be awarded to her during the entire school period and to him during the vacation period. Upon the hearing, in which oral testimony was given but not preserved, the court dis-

charged the order. Within three months of the hearing the respondent again procured a like order to show cause and had it served upon the appellant. Upon the hearing thereof the latter objected that the court was without jurisdiction to modify the support and custody provisions of the decree of divorce as the discharge of the earlier order was *res judicata* in that the grounds in the supporting affidavits upon which each of the orders to show cause had issued were identical, or substantially so, and that there had been no change in conditions between the hearings on the two orders. The trial judge, who had not heard the testimony on the first hearing, over-ruled the objection, and after a hearing modified the provisions of the decree by requiring the appellant to pay to the respondent $150 monthly during the nine school months of the year and $100 during the other three months, and changed the custody provisions of the decree by directing that the children should live with their mother during each school year and with the father during the summer vacation period. Additionally he ordered appellant to pay $75 to counsel for appellant for their services in representing respondent on the then instant hearing.

Appellant, in presenting to us his claim of *res judicata*, relies exclusively on the fact that the grounds stated in each of the affidavits upon which each of the orders to show cause issued are the same, or under the facts should by us be deemed to be the same. With that point conceded, if it be, he urges that on the authority of *Snyder* v. *Snyder*, 219 Cal. 80 [25 Pac. (2d) 403], there must be a reversal. The contention is without merit. In the Snyder case the supporting affidavits on which each of the orders to show cause had issued were identical. There, as here, the trial court had denied a modification on the first hearing but granted it on the second upon the affidavit alone, without a shred of testimony. This was equivalent to a readjudication upon the earlier evidence after the court had lost jurisdiction by a discharge of the first order to show cause. But in the case at bar testimony was taken at both hearings. We have no way of knowing, any more than had the trial judge, whether the testimony on the first hearing was the same as at the hearing before him. That it was the same, in part, is indicated by the admissions made by respondent in her cross-examination, but we are not prepared to say that this

fragment necessarily encompasses the whole of the testimony on the point of the change in condition of the parties or the needs of the children. It is not upon the supporting affidavits alone but upon the testimony as well that we must look in each instance for the true picture. The affidavits in a case such as this do not serve, as pleadings sometimes do, in determining questions of *res judicata*. If this were not so then an adverse adjudication on a claim that "the children need additional support" would forever bar a similar claim in the future.

It seems to be the thought of appellant that where a hearing has been had denying additional support for the children, that on any subsequent hearing only such changes in that respect as have transpired since the last hearing may be inquired into. In the view we take of the case we have no need to pass on the point, but it would seem proper to observe that in cases such as this one many elements enter into the decision of the trial court which determine whether there should or should not be a modification upwards or downwards in respect of support for children. In a given case the court may conclude an adequate showing has been made for additional support of a child, but because of existing conditions of one parent or both there should at the time be no modification. The showing made by the affidavits upon which the second order to show cause issued did not meet the requirements of section 1008 of the Code of Civil Procedure. However, the failure was not jurisdictional. Evidently counsel for appellant overlooked or was not familiar with that statute, or else did not care to have of record the showing which might have been made by respondent. Had appellant required that respondent comply with the statute he might now have a record of the testimony on the first hearing, so as to have here a foothold upon which to stand. Not having done so it is not our duty to ferret out error. For want of an adequate record as to what transpired in the way of testimony on the first hearing the claim of *res judicata,* even though it might have been an appropriate contention, as to which we express no opinion, is not here sustained. *Snyder* v. *Snyder* does not determine the point on which we have just reserved our opinion.

A further contention of appellant is that the trial court exceeded its jurisdiction in awarding counsel fees. The point is determined adversely to appellant in *Prouty* v. *Prouty,* 16 Cal. (2d) 190 [105 Pac. (2d) 295].

For the reasons stated the order should be and it is affirmed.

Moore, P. J., and McComb, J., concurred.