[Civ. No. 2953.   Fourth Dist.   Nov. 27, 1941.]

HILDA HARVEY HARBOUR, Appellant, v. NEWELL E. HARBOUR, Respondent.

Robert E. O'Neill for Appellant.

Guthrie & Curtis for Respondent.

MARKS, J.—This is an appeal from an order modifying a decree of divorce whereby the custody of the two children

of the marriage was changed from that of the mother to that of the father.

Plaintiff and defendant were married December 28, 1929. Plaintiff secured an interlocutory decree of divorce on March 29, 1937, in which the custody of the two children was given to her until further order of court. This provision was repeated in the final decree of divorce.

At the time of the hearing of the order to show cause why the decree should not be modified by awarding the custody of the two children to defendant, their father, Betty Louise, the daughter, was ten years old, and Robert, the son, was six.

Both the father and mother had remarried. The father and his present wife live in Fullerton. The mother, now Mrs. Witt, lives in Los Angeles.

Both Mr. and Mrs. Witt were employed and the actual care of the two children was left to Mrs. Witt's father and mother who lived with them.

The evidence supporting the order modifying the decree was furnished by Mrs. Witt's father and mother. This evidence shows that Mr. and Mrs. Witt swore at the children; that they drank liquor in the presence of the children; that Mr. Witt exposed his person to Betty; that he gave Robert beer to drink; that Mrs. Witt showed little affection for the children; that Betty was afraid of Mr. Witt; that in October, 1940, Mr. Witt was arrested and charged with the crime denounced in section 288 of the Penal Code committed on the person of Betty; that Mr. Witt admitted to the grandmother that he was guilty of that offense. Both grandparents testified that defendant was a fit and proper person to have custody of the children.

Mrs. Witt testified in her own behalf and denied practically all of the foregoing evidence.

On this conflicting evidence the trial judge found that Hilda Harvey Witt was not a fit and proper person to have the custody and control of the children and that her home was not a fit and proper home for them; that Newell E. Harbour was a fit and proper person to have custody of the children and that their best interest and welfare required that their custody be awarded to him.

The order modifying the decree is amply supported by this evidence.

■ Plaintiff argues that as the superior court found her to be a fit and proper person to have the custody of the children in the interlocutory decree rendered in 1937, and in the final decree rendered in 1938, the burden of proving a changed condition rested on defendant (*Kettelle* v. *Kettelle,* 110 Cal. App. 310 [294 Pac. 453]) and that he has not sustained that burden of proof.

This argument is too fallacious to need serious consideration. The condition of the home life of the children had changed due to the remarriage of plaintiff.

■ This case was first placed on the calendar of this court of October 14, 1941. At the earnest solicitation of counsel for plaintiff and for the reason, as stated by him, that he desired to argue the case, it was continued to a special calendar of October 28, 1941. Although he was notified of the continuance he did not appear and the matter was submitted. On October 31, 1941, after the submission, he filed a notice of motion to take further evidence which was supported by two affidavits, one by Katherine Stevens, and the other by counsel for plaintiff, setting forth the evidence plaintiff desired to have taken.

From the Katherine Stevens affidavit it appears that Betty had been placed in her care by the juvenile department of the Superior Court of Los Angeles County; "that said child has been quite a difficult problem for affiant in that when said child first came under her care and supervision, she was subject to tantrums, ill-tempered and unmanageable; that said Betty Harbour rarely told the truth and told lies about matters which it would have been easier for her to tell the truth about than to lie. That on occasions too numerous to mention, and the exact times of which affiant does not now remember, Mrs. Violet E. Harvey, the maternal grandmother of said Betty Harbour, conversed with said Betty Harbour over the telephone; that after said conversations with said Mrs. Harvey, said Betty Harbour told falsehoods concerning her conversations with Mrs. Harvey. That affiant has worked and succeeded in bringing to said Betty Harbour a sense of honor, truthfulness, and a healthy outlook on life; that such habits, however, have been developed during the last six weeks; that now Betty Harbour has gained in weight and improved in disposition and is now given to

telling the truth; that she is morally sound, though rather dull and negative.''

If this evidence were produced before this court the only effect to be given to it would be to support strongly the order in question here. The inference to be drawn from it is that the environment of plaintiff's home and the influence there made Betty a very bad girl; that this was not the natural reaction of the child, because, when removed from that environment she became a very good girl.

The affidavit of counsel for plaintiff relates to the result of the trial of Mr. Witt in the superior court on the charge we have mentioned. It recites that Betty and her maternal grandmother were called and testified for the People; that at the close of the People's case the trial judge dismissed the case because of lack of evidence.

It should be sufficient to remark that the fact that Mr. Witt had been arrested and charged with the crime against Betty and that she had appeared as a witness against him during the trial in the superior court would make it very difficult for the child to remain a member of his household.

As the proffered evidence could not help the case of plaintiff, her motion to take further evidence is denied. In denying this motion we are not holding that it was regularly presented in a timely manner.

The order modifying the decree is affirmed.

Barnard, P. J., and Griffin, J., concurred.