[Civ. No. 4607.  Fourth Dist.  Mar. 25, 1953.]

JAMES S. CLAYTON, Appellant, v. FRANCES M. CLAYTON, Respondent.

Siemon & Siemon for Appellant.

Dorsey, Campbell & Bultman and Henry E. Bianchi for Respondent.

GRIFFIN, J.—On May 31, 1949, plaintiff secured an interlocutory decree of divorce from defendant by default. The final decree was entered on December 17, 1950. Both decrees granted the care, custody and control of two minor children, then aged 3 and 4 years respectively, to plaintiff.

Plaintiff's original complaint alleged that plaintiff was a fit and proper person to have the custody of the children (no mention is made of the unfitness of defendant); that plaintiff and defendant agreed (subject to the approval of the court) that plaintiff would retain custody of the children for six months "for the reason that defendant does not now have adequate housing for said children and plaintiff does have means for caring for them"; and that at the expiration of six months the parties would consult for the purpose of determining, with the consent of the court, the ultimate disposition of their custody.

In accordance with this allegation, the court awarded the custody to plaintiff, without prejudice to defendant's right to petition the court for a change of custody. It appears that the paternal grandparents took the children into their home and rendered care for them. A limited right of visitation was given to the defendant. After the final decree was entered, which carried the same provisions as the interlocutory decree *re* custody, defendant remarried and moved into an adequate home. Her present husband, at that time, made about $360 a month. He testified he was willing to support the wife and children and give them the best of care. Plaintiff was remarried to a young lady with one child. A child was later born to them.

On November 12, 1951, defendant moved to modify the respective decrees to change the custody of the two minor children from plaintiff to defendant, to require payment of defendant's attorneys' fees and costs, and for support for the children. Supporting as well as opposing affidavits were filed. At the hearing evidence was produced by both parties in support of their claims. On December 20, 1951, the court made an order amending the decrees by changing the custody from the plaintiff to the defendant, subject to the right of plaintiff to reasonable visitation and temporary custody dur-

ing a portion of the school vacation period. It ordered plaintiff to pay $20 per month each for the support of the children and to pay $100 for defendant's attorneys' fees and costs.

On appeal from this order it is argued first that the evidence is insufficient to sustain the finding that the children's welfare would be promoted by the change; that there was no evidence to the effect that plaintiff was not a fit and proper person to have the custody and that the evidence showed defendant did not properly care for the children during their married life.

There was some evidence that the mother mistreated the children, particularly the boy, at times during the period the parties were married. On the other hand, there was evidence of plaintiff's conduct which, if true, might have been subject to censure. █ There is no finding by the court as to the unfitness of either party, and such a finding as between the mother and father is not essential. (*Frazier* v. *Frazier*, 115 Cal.App.2d 551 [252 P.2d 693]; *Beal* v. *Beal*, 218 Cal. 755, 758 [24 P.2d 768].)

█ In the ordinary proceeding between a husband and wife, it has been held that before a modifying order is justified there must be evidence of a change in circumstances or conditions. (*Washburn* v. *Washburn*, 49 Cal.App.2d 581 [122 P.2d 96].)

In *Ott* v. *Ott*, 127 Cal.App. 322 [15 P.2d 896], which is factually quite similar to the instant case, the court held that in a proceeding by a wife to modify a final decree of divorce which contained, as did the interlocutory decree, a provision awarding the custody of the two minor children of the parties to the husband, so that the custody of said children would be awarded to her, her remarriage constituted at least some showing of changed conditions affecting the welfare of the children, so as to warrant an order of modification of the decree. (See, also, *Harbour* v. *Harbour*, 48 Cal. App.2d 97 [119 P.2d 394]; *Bogardus* v. *Bogardus*, 102 Cal. App. 503 [283 P. 127]; and 5 Cal.Jur. 10-Yr.Supp. (1944 Rev.), pp. 336-337, § 140.3, as to what other facts may constitute change of conditions or circumstances justifying a modification of the decree.) A change of conditions and circumstances here clearly appears. By agreement of the parties, by the pleadings and by the judgment of the court, it appears that due to the circumstances existing at the time the divorce proceedings were filed, conditions were different, and the understanding was that the defendant would have the right

to apply to the court for custody, after a period of six months, if conditions changed and if the parties could not agree as to the custody. The decree, in reference to custody, was apparently predicated upon the alleged agreement of the parties.

It is the rule that where a contest is between the opposing parents, both fit, the "tender years" provision of subdivision 2 of section 138 of the Civil Code must be read with the provisions of subdivision 1 of the section making the welfare of the children a factor that must be considered.

The trial court, when faced with two fit parents, must give consideration to the best interests of the children, and in determining that fact has a broad discretion in deciding whether other things are equal. Cases emphasizing the broad discretion existing in the trial court are legion. (*Hamilton* v. *Hamilton*, 104 Cal.App.2d 111 [231 P.2d 69]; *Bush* v. *Bush*, 81 Cal.App.2d 695 [185 P.2d 38]; *Munson* v. *Munson*, 27 Cal.2d 659 [166 P.2d 268]; and cases cited in *Frazier* v. *Frazier*, 115 Cal.App.2d 551, 557 [252 P.2d 693].)

It is true that the right of a mother to the custody of a minor child is not superior to that of the father, as pointed out by counsel for plaintiff. (Civ. Code, § 197.) But in actions for divorce the court, in awarding custody, is to be guided by what appears to be for the best interests of the child, and other things being equal, a child of tender years should be given to the mother. (Civ. Code, § 138.) Whether other things were equal, under the circumstances here related, was a factual question for the determination of the trial court. No abuse of discretion appears. (*Simmons* v. *Simmons*, 22 Cal.App. 448 [134 P. 791]; *Cowen* v. *Cowen*, 100 Cal.App.2d 366 [223 P.2d 666].)

It is next claimed that the trial judge, from his comments made during the hearing, misconceived the facts, and accordingly plaintiff did not have a fair trial of the issues, citing *Webber* v. *Webber*, 33 Cal.2d 153, 161 [199 P.2d 934]. The judge, during the hearing, did make some uninvited comments to the effect that as between the grandparents and the natural mother, who has a decent home, it is best for the children to be with the mother, and that under these circumstances grandparents have no right to the children. He then added: "This woman is the mother, and if she is a fit person she is entitled to her children. I don't see why anybody would deprive her of them. Because she doesn't get along with her husband doesn't mean she is not a good

mother.'' He concluded, however, with the statement: ''This is a question between these parents,'' and ordered the custody changed from the father to the mother, with right of visitation and temporary custody in the father, as indicated. While the trial judge fairly well indicated, throughout the hearing, what his ultimate conclusion was going to be, it cannot be said that he erroneously prejudged the issues to the extent that he failed to exercise reasonable discretion. No miscarriage of justice occurred.

■ It is next argued that the court had no authority to allow the defendant her attorneys' fees and costs in presenting the motion, since the decree of divorce had become final before the application to modify it was made. He cites section 137.3 of the Civil Code, which provides that:

''*During* the pendency of any action for divorce or for . . . support . . . of children, the court may order the husband . . . to pay such amount as may be reasonably necessary for the cost of maintaining . . . the action and for attorney's fees.'' (Italics ours.)

It is contended that the action, at the time the application was made, was not *pending*, citing section 1049, Code of Civil Procedure, which provides that an action is pending from the time of its commencement until its final determination on appeal or until the time for appeal has passed. The point might appear to be unique and novel. However, in *Storrs* v. *Storrs*, 47 Cal.App.2d 108, 112 [117 P.2d 381], the same contention was made and the court rejected it, based on the ruling in *Prouty* v. *Prouty*, 16 Cal.2d 190 [105 P.2d 295], where the court upheld an order for attorneys' fees, under somewhat similar conditions, and cited many authorities of this state wherein such costs and attorneys' fees were allowed. Since, by the terms of the decree, the action in respect to any change in the custody and support of the minor children was still pending, and the judgment was subject to modification upon proper application and showing, section 137.3 of the Civil Code was applicable. (*McClure* v. *McClure*, 4 Cal.2d 356, 362 [49 P.2d 584, 100 A.L.R. 1257].)

■ Lastly, it is argued that the court could not exercise discretion in the matter since there was no proof of lack of funds of defendant or necessity for the allowance of attorneys' fees for her; that there was no evidence that she had not already paid her attorneys' fees and costs; that since she testified she had a home and could adequately provide for the children, and since her present husband testified he was

earning $360 per month, which would be community property, all the evidence indicated no need for the order, and accordingly the court had no authority to grant it, citing *Loeb* v. *Loeb*, 84 Cal.App.2d 141, 148 [190 P.2d 246].

The affidavit of defendant, made in support of the order, shows that she was unemployed and remained at her home caring for it. There was substantial evidence, at the hearing, that defendant had been in destitute financial condition prior to her marriage to her present husband.    His community earnings would not be liable for defendant's attorneys' fees and costs contracted for and incurred in the instant proceedings . (Civ. Code, § 167.)    It is true that the showing here made is not entirely satisfactory but plaintiff has made no showing indicating that defendant was possessed of sufficient funds of her own to pay her attorneys' fees and costs. We conclude that there was sufficient evidence to support the order.

Order affirmed.

Barnard, P. J., and Mussell, J., concurred.