[Civ. No. 4626.   Fourth Dist.   May 13, 1953.]

BETTY M. YOUNG, Appellant, v. GLENN R. YOUNG, Respondent.

Martin C. Thuesen for Appellant.

Stanton M. Levy for Respondent.

MUSSELL, J.—This is an action for divorce in which the custody of the minor child of the parties was, by the terms of the interlocutory and final decrees, awarded to plaintiff. Thereafter the trial court, on motion of defendant, modified these decrees by awarding the custody of the child to defendant, granting plaintiff the right of visitation by permitting her to have the child in her own home from June 15th to September 1st of each year. Plaintiff appeals from the order

of modification and contends that the court erred in admitting evidence in support of the motion and that the evidence was insufficient to sustain the order.

The action was filed on August 30, 1950, and on September 1, 1950, the parties entered into a property settlement agreement which provided in part that the parties should have joint care and custody of the minor child, John Harry Young, then 3 years of age, and that the defendant pay $50 per month for his support and maintenance. The defendant was then a member of the United States Marine Corps and was stationed in Korea from September to November, 1950. He filed an answer denying certain allegations of the complaint and a written stipulation, dated October 18, 1950, was executed providing that the action might be tried as a default matter, waiving findings of fact and conclusions of law.

Defendant stated in his affidavit for modification that plaintiff executed an agreement, in part, as follows: ''Therefore, it is agreed between the parties that at such time as the second party has established a home for himself and his family, that he shall be allowed to keep the child of the parties for the period of the school year, and that the first party shall keep the child for the period of the school vacation''; that this agreement was executed by plaintiff in consideration of the promise of defendant not to contest the divorce.

At the hearing on the default matter the trial court affirmed the property settlement agreement and made it a part of the decree, except insofar as it concerned the custody of the child and its support.

Evidence was introduced at the hearing on motion for modification on April 25, 1952, showing that defendant was then permanently stationed at Camp Pendleton as a practical instructor in infantry, teaching infantry tactics; that on April 12, 1952, he married one Donna Cochran; that he had a family home in Laguna Beach and came home every night; that his present wife had two children of her own, aged 8 and 4 years. Defendant's present wife testified that she was acquainted with the minor child of the parties and felt that she could give him the love, care and affection of a true mother.

Plaintiff's former wife testified that on March 27, 1952, she married a Mr. Anderson, a farmer, residing near Reedley, California; that she and the child were then living on his ranch; that the child seemed to be contented and well adapted to his present home and environment and got along well with

Mr. Anderson's son by a former marriage, who was then 14 years old.

Considerable evidence was introduced, over the objection of plaintiff, as to the execution of the agreements by the parties respecting the custody of the child. However, the same trial judge who heard the default matter presided at the hearing on the motion for modification and was properly concerned with ascertaining what facts were or were not established at the former hearing. ■ As was said in *Foster* v. *Foster*, 8 Cal.2d 719, 732 [68 P.2d 719]:

"The case of *Crater* v. *Crater*, 135 Cal. 633 [67 P. 1049], lays down as the proper rule for a trial court in considering a modification of a custody decree the following: 'The court in revising and modifying its decree, proceeds upon new facts considered in connection with the facts formerly established, the change of circumstances, the conduct of the parties, and the best interests of the child.' (See, also, *Simmons* v. *Simmons*, 22 Cal.App. 448, 452 [134 P. 791].) It is obvious, we think, that this is the correct rule."

■ An application for modification of an award of custody of a minor child is addressed to the sound legal discretion of the trial court and it is only where an abuse of such discretion is shown that the determination of the trial court will be disturbed on appeal. (*Munson* v. *Munson*, 27 Cal.2d 659, 666 [166 P.2d 268]; *Cowen* v. *Cowen*, 100 Cal.App. 2d 366, 368-369 [223 P.2d 666].)

■ Section 138 of the Civil Code provides that in awarding custody of minor children the court is to be guided by what appears to be for the best interests of the child and that as between parents adversely claiming custody, neither is entitled to it as of right; but other things being equal, if the child is of tender years, it should be given to the mother. The court is given a wide latitude of discretion in determining whether other things are equal within the meaning of the code section. It is the welfare of the child and not the shortcomings of the respective parties which is determinative. (*Clarke* v. *Clarke*, 35 Cal.2d 259, 261-262 [217 P.2d 401].

■ Appellant argues that there was no substantial evidence of a "change in circumstances" or that the plaintiff was less fit to have the custody of the minor child at the time of the modification than at the time of the entry of the divorce decree, or that the best interests of the minor child will be served by modifying the decree of divorce. In *Prouty* v. *Prouty*, 16 Cal.2d 190, 193 [105 P.2d 295], it is stated that:

". . . In every proceeding to modify a provision for the custody of a minor child the burden is on the moving party to satisfy the court that conditions have so changed as to justify the modification. All presumptions are in favor of the reasonableness of the decree, and in the absence of a showing that compels the conclusion that the decree should be modified, an appellate court cannot interfere with the trial court's refusal to modify it. (*Gavel* v. *Gavel*, 123 Cal.App. 589 [11 P.2d 654].)"

However, in *Foster* v. *Foster*, *supra*, page 728, it was held that the "change of circumstance rule" is not an absolutely ironclad rule, and that there might be a case in which, despite the fact that there was apparently no change of circumstances, nevertheless the welfare of the child might require that the previous order of custody be changed. (Citing *Bogardus* v. *Bogardus*, 102 Cal.App. 503 [283 P. 127].)

In the present case the evidence shows that at the time of the interlocutory decree the defendant was in military service and was not in a position to have the custody of his child; that at the time of the hearing on the motion for modification he had remarried and established a home where the child would be adequately cared for and that his present wife was able and willing to take the child into the home. These circumstances did not exist at the time of the original hearing and were sufficient to justify the trial court in entertaining the motion for modification. (*Clayton* v. *Clayton*, *ante*, pp. 7, 10 [254 P.2d 669].) A finding as to the fitness of either party, as between the father and mother of the child, is not essential. (*Clayton* v. *Clayton*, *supra*, 10.)

A review of the entire record before us leads us to the conclusion that a clear abuse of discretion on the part of the trial court was not shown.

Order and judgment affirmed.

Barnard, P. J., and Griffin, J., concurred.