[Civ. No. 20031. Second Dist., Div. Two. Apr. 2, 1954.]

MARY MONTGOMERY HAYWARD, Appellant, v. WILLIAM COLLIER HAYWARD, Respondent.

Boyle, Bissell & Atwill and Robert C. Mardian for Appellant.

James D. Garibaldi for Respondent.

FOX, J.—When plaintiff was granted an interlocutory decree of divorce in September, 1951, the parties were given joint custody of their infant son, who was then 17 months old. They agreed, however, that a Mrs. Stevenson, who had been caring for the child since January because of the mother's ill health due to a cerebral hemorrhage resulting from an aneurysm of the brain, should continue to have his physical custody and care. This arrangement has since continued. In the meantime a final decree has been entered; defendant has remarried and established a home. He now desires the sole custody of his son. After a hearing on an order to show cause the court modified the previous decrees by awarding the physical custody of the child to defendant, with the provision that "Plaintiff shall have possession of the minor child every other weekend from Friday at 6 PM to the following Sunday at 6 PM" and "at other reasonable times." Plaintiff appeals from this order.

The sole question is: Did the trial court abuse its discretion in so modifying the custody order? The answer is in the negative.

 The trial court has a broad discretion when passing on an application for the change of custody of children. (*Davis* v. *Davis,* 41 Cal.2d 563 [261 P.2d 729].) It is the welfare of the child that is determinative. (*Young* v. *Young,* 117 Cal.App.2d 735, 738 [256 P.2d 1009]; *Disney* v. *Disney,* 121 Cal.App.2d 602, 606 [263 P.2d 865].)

 Since an application for a modification of an award of custody is addressed to the sound legal discretion of the trial court its decision will not be disturbed on appeal in the absence of a clear showing of an abuse of such discretion. (*Munson* v. *Munson,* 27 Cal.2d 659, 666 [166 P.2d 268]; *Disney* v. *Disney, supra.*)

■ Defendant has provided a separate room for his son in his new home. Both he and his wife are anxious to have the boy. There are no other children in the home. Defendant is paying Mrs. Stevenson $155 a month to care for the child. With an adequate home and a wife who is anxious to take care of the child there is no reason why the boy should be cared for by a third party at the father's expense. After the defendant procured the issuance of the order to show cause, the mother filed an affidavit saying that she had recovered from her illness and was in a position to take care of her child and desired his custody. The evidence does not, however, show that she had an established home. True, she was living at the home of her mother and stepfather at the time of the hearing, but she moved there only after defendant initiated these proceedings. She had gone there ''within the last two weeks.'' She explained that she had not gone sooner because her stepfather ''was ill and under the circumstances it was not too good for me to be there. . . .'' Plaintiff had lived with her mother ''in the latter part of 1951'' for ''possibly two or three'' months. Then she left. In the meantime she does not appear to have had any settled abode. She moved frequently. She testified that she lived in ''numerous places'' during this period of less than two years. Defendant said she had lived in ''approximately ten'' different places during this time.

Considering the foregoing, and the further fact that the judge had the parties before him and thus had an opportunity to evaluate their testimony and determine the weight to which it was entitled, it cannot be said, as a matter of law, that he abused his discretion in modifying the custody order.

The order is affirmed.

Moore, P. J., and McComb, J., concurred.