[Civ. No. 16296. First Dist., Div. One. May 18, 1955.]

MARGUERITE A. MOORE, Appellant, v. RICHARD J. MOORE, Respondent.

William Berger for Appellant.

Alfred M. Miller for Respondent.

PETERS, P. J.—In June of 1952 plaintiff Marguerite Moore was awarded $100 per month alimony. In June of 1953, on motion of the defendant Richard Moore, the trial court modified this order by reducing it to $65 per month, and further ordered defendant to pay $10 a month on past unpaid alimony. From this order plaintiff appeals. She contends that there was no evidence of change of circumstances between 1952 and 1953 to warrant the modification, that, in any event, the court had no jurisdiction over the motion to modify because of the claimed failure of defendant to comply with certain procedural requirements, and that certain rulings on the evidence were erroneous.

The following list of dates and events will serve to give the background of this proceeding:

*June 13, 1952:* Trial court ordered defendant to pay plaintiff $100 per month for her support and maintenance.

*August 14, 1952:* Defendant moved for a modification on ground of reduced income and because he had a back and

leg disability which threatened to prevent him from working full time. The plaintiff countered with a contempt proceeding for failing to pay past alimony.

*August 21, 1952:* Motion to modify denied and defendant found in contempt. (Order filed October 6, 1952.)

*November 10, 1952:* Plaintiff again started contempt proceedings, and requested an order of execution.

*January 13, 1953:* Court found defendant was not then employed, and was unable to pay the past due alimony. Defendant was discharged from the contempt, but a writ of execution was issued.

*March 6, 1953:* Plaintiff filed another affidavit for an order to show cause *in re* contempt, and for other relief.

*April 2, 1953:* While the contempt proceeding was still pending the defendant moved to modify, averring that, when the original order for alimony was made in 1952, he was gainfully employed as a cook and in good physical condition; that since June of 1952 he has suffered a serious illness, resulting in physical disability that has caused him to lose his employment; that he is now unemployed; that because of back and leg injuries and an arthritic condition he is unable to secure gainful employment; that he has no property from which to pay the $100 per month.

*June 3, 1953:* After a hearing the trial court filed its order reducing the award, and ordering the monthly payments on past unpaid alimony.

The first contention of plaintiff is that there was no evidence of a change of circumstances sufficient to justify the modification. The law on this subject is clear. ■ Because "[I]t would be incongruous to allow an appealable order to become final and yet to concede the power of a court at a later date, upon the same state of facts, to issue an order nullifying it" (*Snyder* v. *Snyder*, 219 Cal. 80, 81 [25 P.2d 403], it is well settled that "the trial court is without authority to make an order reducing the amount of alimony awarded in an interlocutory [or final] decree of divorce in the absence of a showing that there has been a change in conditions subsequent to the entry of the interlocutory [or final] decree of divorce." (*Ralphs* v. *Ralphs*, 86 Cal.App.2d 324, 325 [194 P.2d 592].) ■ It is equally clear, however, that, upon a proper showing, "the court possesses power to modify an alimony order because of changed circumstances (Civ. Code, § 139) ; that the propriety of such an order depends on the facts and circumstances of each case; and that the

propriety of such a modification rests largely in the discretion of the trial court." (*Triest* v. *Triest,* 67 Cal.App.2d 320, 322 [154 P.2d 2]; see also *Greene* v. *Greene,* 86 Cal.App. 275 [260 P. 845]; *Furniss* v. *Furniss,* 75 Cal.App.2d 138 [170 P.2d 486].)

The plaintiff contends that there was no substantial evidence of a change in conditions; that the record shows that defendant is presently gainfully employed and could continue to be employed; and that the record shows that defendant is presently suffering from the same ailments complained of in the motion to modify of August 14, 1952, which was denied. Undoubtedly, there is evidence in the record that supports plaintiff's contentions. ▉ But there is also evidence to the contrary. Defendant testified that when his motion to modify was denied on August 21, 1952, he was regularly employed as a cook making $74 a week. He further testified that, shortly thereafter, he became ill and spent 16 days in the hospital undergoing heat treatments for neuritis of the spine, and has not worked at all since January 1, 1953, and was suffering from arthritis. He also testified that he was not married to the woman with whom he was living, and that that woman owned a small restaurant; that he helped out around the restaurant but did no regular work and received no salary. The plaintiff testified that on frequent occasions she had observed defendant working at the restaurant as a cook. At this state of the proceedings both sides agreed that the court could appoint a doctor to examine the defendant to determine whether his health would permit him to work. This report was subsequently secured and read in the presence of counsel, and introduced by stipulation. The doctor reported that defendant, who was then 63, suffers from hypertension, varicose leg veins, which are very painful, and a duodenal ulcer, and must keep on a strict diet. The doctor opined that defendant was able to work on about a 50 per cent schedule.

Plaintiff argues that defendant admitted that he had suffered from most of the ailments now affecting him for many years, and contends that this shows no change in conditions. ▉ A change in circumstances can exist when the severity of existing conditions becomes aggravated. There is substantial evidence in support of the conclusion that that is the factual situation here presented.

Plaintiff places much reliance on defendant's testimony that in May of 1953 he felt better than before he went to the

60

hospital and better than he did in August of 1952. ▮▮▮ The trial court chose to believe the doctor's report as to the physical condition of defendant. This the court was empowered to do.

Thus, there was evidence that circumstances and conditions had altered between August of 1952 and June of 1953 so as to warrant the court in ordering a modification.

Although the point was not mentioned in the trial court, plaintiff now on appeal contends that the court had no jurisdiction to modify because defendant did not comply with section 1008 of the Code of Civil Procedure. That section provides, in part: "When an application for an order has been made . . . and refused in whole or in part . . . and subsequent application for the same order, upon an alleged different state of facts, shall be made, it shall be shown by affidavit what application was before made, when and to what judge, what order or decision was made thereon and what new facts are claimed to be shown. For a failure to comply with this requirement, any order made on such subsequent application may be revoked or set aside on ex parte motion.

"A violation of this section may be punished as a contempt . . ." ▮▮▮ Clearly, defendant violated this section in that in his affidavit in support of the motion to modify he did not aver the facts required by this section. For this failure the section provides the penalty—the plaintiff could have moved, ex parte, for a revocation of the order or the court could have found plaintiff in contempt. But the penalties are not mandatory. The section carefully uses the term "may" and not " shall." This is not jurisdictional language. Moreover, it has been held that the section is not jurisdictional. (*Storrs* v. *Storrs,* 47 Cal.App.2d 108 [117 P.2d 381].) ▮▮▮ It should be pointed out that at no time did plaintiff move to revoke the order so that she too, by attempting to raise the point on appeal, is in violation of the section. It should also be pointed out that neither the plaintiff nor the court was prejudiced by the failure of defendant to aver the required facts. The fact that the previous motion to modify had been denied in August of 1952 was brought to the attention of the court by plaintiff's own affidavit, and was fully developed at the hearing.

Plaintiff also complains that she was unduly restricted in her cross-examination of defendant as to his physical condition. There were several hearings on the two motions then

involved. The defendant testified at each of these hearings and plaintiff cross-examined him at some length. After the doctor's report was considered, and after the court had expressed great faith in it, the court stopped any further cross-examination of defendant on the issue. The issue had been fully inquired into. ■ The trial court has discretion to prevent redundant, repetitive testimony, that will add nothing not already covered. The court did not abuse the discretion conferred upon it.

Plaintiff also objects that she was deprived of fully examining into certain property standing in the name of defendant's so-called common-law wife. That person was not a party to the proceeding. ■ Nevertheless, the court did permit a full inquiry into the matter and merely held that it could not make a ruling affecting the absent person's property rights. This correctly stated the law.

Plaintiff next objects to the use of affidavits on the motion to modify, claiming that such affidavits were merely hearsay, and cannot be relied on to establish a change of circumstances. It is somewhat difficult to understand this contention. Independent of the affidavits, there were full and complete hearings with testimony, taken under oath, subject to cross-examination. That evidence supports the finding. The affidavits and their evidentiary worth need not be considered.

The last contention of plaintiff is that since the court found that defendant was in contempt as to past installments of alimony it was error to grant him a modification. Undoubtedly the court on August 21, 1952, found defendant in contempt. On January 13, 1953, the defendant was discharged of the contempt because of inability to pay. Since then he has made payments of $550, but was still in arrears. It is equally true that several times during the hearings of the present motions the trial judge stated that she was going to find defendant in contempt and that he was in contempt, but the trial judge also stated that she was convinced that defendant did not have the present ability to pay. ■ Without a finding of ability to pay, a contempt order would not, of course, be supported. At the close of the hearings the trial court merely made an order modifying the alimony award and ordered defendant to pay $10 a month on past due alimony. The trial court made no order of contempt and apparently did not directly pass on that proceeding. What the trial court stated during the hearings did not amount to a contempt order. There is no order in the present proceedings

that defendant is in contempt. ▮▮▮ The mere existence of unpaid past due alimony does not prevent the court, in a proper case, from granting a modification as to future installments. The correct rule was set forth in *Triest* v. *Triest*, 67 Cal.App.2d 320, 322 [154 P.2d 2], as follows:

"It is also a well settled proposition in most jurisdictions, including California, that the existence of accrued and unpaid alimony does not *per se* prevent the court from granting a modification as to future installments. [Citing some 14 authorities from this and other states.] These cases hold that the existence of accrued and unpaid alimony is not conclusive on the court, but is merely one of the circumstances that may justify a refusal to modify, but that whether the order will be modified depends upon all the facts and circumstances of the particular case, and rests in the sound discretion of the trial court. They also establish that modification will not be denied even a husband who is in default when such denial would produce an inequitable result."

The court then quoted from *Merritt* v. *Merritt*, 220 Cal. 85, 88 [29 P.2d 190], so holding, and then continued (p. 323) :

"Of course, if the husband has willfully refused to comply with the order of the court and has a present ability to comply, he is in contempt, and no order of modification will be granted. But all defaults in alimony payments do not constitute contempts. Where the husband is not in contempt and has not the present ability to comply with the order, a modification should not be refused simply because the husband is in arrears. To refuse such modification in a proper case would be inequitable and, in many cases, useless. (See note 22 Cal.L.Rev. 699.)"

The present record supports the modification order.

The order appealed from is affirmed.

Bray, J., and Wood (Fred B.), J., concurred.