[Civ. No. 21700. Second Dist., Div. Two. June 14, 1956.]

CHARLES E. KEMMER, Respondent, v. HOLLY M. KEMMER, Appellant.

Bayard R. Rountree for Appellant.

Walter B. Gieselman for Respondent.

FOX, J.—This is essentially a change of custody case.

The parties, formerly husband and wife, lived in Erie, Pennsylvania, with their two children. Early in 1953 the husband was granted an uncontested divorce. No order was made relative to the custody of the children. They were brought to California in May of that year by the father's mother.

In the summer of 1954, the mother of the children moved to Burbank, California, where she secured employment. The father thereupon filed this suit to determine the custody of the children. At a hearing in September, 1954, the court awarded custody to the mother of the children, requiring the father to make certain payments for their support, and restrained each party from removing the children from the state. In the following November, the mother lost her job, turned the children over to their father, and returned to her home in Erie, Pennsylvania. In July, 1955, she married a Mr. Inman, whom the plaintiff charged with breaking up the Kemmer home. The Inmans live in Piketon, Ohio, where Mr. Inman is employed as an electrician by the Goodyear Atomic Corporation at a salary of $95 a week. The mother thereupon returned to California and by motion in this suit sought to have vacated the former restraining order prohibiting either parent from removing the children from the state of California, and also sought permission to take the children to Ohio to reside with her and Mr. Inman. Mr. Kemmer countered with a motion to modify the custody order and to award the custody of the children to him. The court denied the motion of the mother and granted that of the father. It is from the ensuing orders that the mother appeals.

At the time of the hearing the boys were, respectively, 8 years, and 6 years and 8 months, of age. The court found that since the arrival of the children in California, in May,

1953, they had been in the physical custody of their father all the time except for a period of four months in the summer and fall of 1954, and that he had properly cared for, maintained, and supported them for approximately this two-year period; that they attended the public schools, and, under the father's supervision, the local church. Mr. Kemmer has a job with a railroad company. He works the graveyard shift. This enables him to have time at home with the boys during the day when they are not in school, and in the evenings. Mr. Kemmer's mother, a woman 57 years of age, takes care of the home and looks after the children. Mr. Kemmer lives in a house which has a separate room for the boys. He had lived in this house for a year and a half. At the time of the hearing the boys were preparing to attend the same school they had attended the previous year.

At the time of the hearing, the Inmans had been married less than a month and a half. Mrs. Inman was of the opinion that her husband's earnings of $95 a week were sufficient to take care of their living expenses so that she would not need to be employed and that she could thus devote her full time to her home and children. It is not shown whether this figure represents his gross or "take home" pay. It does appear, however, that Mr. Inman has three children by a former marriage for whose support he is required to pay $25 a week. It does not appear how long he has been engaged in his present line of work or how long he has been in his present employment. Mrs. Inman stated that they had a two-bedroom house for which they paid $65 rent per month. The boys could have one of these bedrooms for themselves. Mr. Inman filed an affidavit expressing his willingness and desire to have the children reside with him and his wife.

The court expressly found that "it is for the best interests of the children in respect to their temporal, mental and moral welfare that they remain with their father," and that it was not for the best interests of the children that they be removed to Ohio to reside with their mother.

■ In a change of custody case, *Disney* v. *Disney*, 121 Cal.App.2d 602 [263 P.2d 865], this court stated the pertinent rules thus (pp. 606-607): " 'In a contest between parents concerning the custody of their minor child neither is entitled to custody as a matter of right. Under the statute (Civ. Code, § 138(2)) each is equally entitled to custody and no showing or finding of unfitness is necessary to enable the court to award custody to one or the other in accordance with what, in its

sound discretion, is deemed the best interest of the child.' (*Davis* v. *Davis*, 41 Cal.2d 563, 565 [261 P.2d 729].) It is also pointed out in this [the same] opinion (p. 565) that 'The court has broad discretion in matters pertaining to the change of custody of children.' In passing on such question, 'It is the welfare of the child and not the shortcomings of the respective parties which is determinative' (*Young* v. *Young*, 117 Cal.App.2d 735, 738 [256 P.2d 1009] ; *Clarke* v. *Clarke*, 35 Cal.2d 259, 262 [217 P.2d 401]), and 'the feelings and desires of the contesting parties are not to be considered except insofar as they affect the best interests of the child.' (*Taber* v. *Taber*, 209 Cal. 755, 756 [290 P. 36].) In *Munson* v. *Munson*, 27 Cal.2d 659, 666 [166 P.2d 268], the court states that 'It is settled that "an application for a modification of an award of custody is addressed to the sound legal discretion of the trial court, and its discretion will not be disturbed on appeal unless the record presents a clear case of an abuse of that discretion." '

 " 'It is, of course, the general rule that to warrant the modification of a custodial order there must be substantial evidence of a change of circumstances after the entry of the original decree. (*Davis* v. *Davis, supra.*) However, it is pointed out, in *Foster* v. *Foster*, 8 Cal.2d 719 [68 P.2d 719], that 'the change of circumstances' rule is not an absolutely ironclad rule, and that there might be a case in which, despite the fact that there was apparently no change of circumstances, nevertheless, the welfare of the child might require that the previous order of custody be changed. (P. 728.) ' "

 Applying these principles, it cannot be said, as a matter of law, that the trial court abused its discretion in awarding custody of these two boys to their father. The evidence clearly indicates that for a period of approximately two years the father, in cooperation with his mother, had done "a good job" of taking care of these children. They were apparently getting the necessary attention and supervision, for the trial court found that during this period the father had "properly cared for" them. They had had time and opportunity to become oriented and settled in their new home, in the neighborhood where they lived, and in their school. Against this established setting the trial court had to weigh the uncertainties of the mother's situation. The court may well have felt that her marriage of less than a month and a half was not of sufficient duration to give assurance of its stability. The court may also have had concern about the

mother's ability to devote her time exclusively to her home and children in the absence of any indication of the likely permanence of her husband's job, and his obligations to his own children. Then, too, there was uncertainty as to how these children would adjust in the home with a stepfather, and in a different neighborhood and in a new school.

Bearing in mind that the welfare of the children is the guiding principle in custody cases, it is clear that the trial judge exercised a reasonable discretion in leaving the children with the father who had demonstrated, over a substantial period, that he could properly take care of them, rather than permitting their removal by the mother to Ohio where their situation would be fraught with uncertainties. The record amply supports the orders of the trial court.

Appellant relies on *Ashwell* v. *Ashwell*, 135 Cal.App.2d 211 [286 P.2d 983]. That case is factually so different from the instant proceeding that it is of no assistance.

The orders are affirmed.

Moore, P. J., and Ashburn, J., concurred.