[Civ. No. 25763.   Second Dist., Div. Two.   May 29, 1962.]

JERRELL CLYDE SHAW, Plaintiff and Respondent, v. ALDA BERNICE SHAW, Defendant and Appellant.

Charles W. Gorham for Defendant and Appellant.

Davidson & Russ and Donald H. Davidson for Plaintiff and Respondent.

HERNDON, J.—This is an appeal from an order denying an application for a change of custody of a minor child.

On December 22, 1959, Jerrell Shaw, plaintiff and respondent herein, was awarded an interlocutory decree of divorce from his wife, Alda Shaw. The decree was taken by default on grounds of extreme cruelty and it awarded the care and

custody of Sherry, the 4-year-old daughter of the parties, to the father, allowing the mother certain specified rights of visitation. On December 23, 1960, plaintiff was granted his final judgment, incorporating by reference the custody provisions of the interlocutory decree.

On April 25, 1960, the mother filed an application for an order awarding the custody of the child to her. An order to show cause was issued and the matter was heard on May 16, 1960. The court denied the mother's motion upon a finding "that the best interest and welfare of the minor child of the parties are served with retention of custody with the father." The court made certain changes in the provisions relating to the mother's rights of visitation.

On January 9, 1961, a little over two weeks after the final judgment had been entered, the mother filed her *second* application for an order for a modification of the interlocutory and final judgments and for an order awarding her the custody of the child. At the time of the hearing of this matter on February 21, 1961, the father had had the custody of the child continuously for a period of over one and one-half years, commencing sometime prior to the filing of his divorce action. It appears that the mother turned the child over to the father, agreeing that he should have her care and custody because, at that time, she was extremely nervous and had no desire to have a small child around her.

The father testified to the effect that his ex-wife was not a fit and proper person to have the care and custody of the child because she was extremely nervous and irritable. He referred to an occasion when the mother visited the child in his home. She so conducted herself as to cause the child to cry and become very upset.

The father and the child were residing with his parents, who recently had moved into a new home located near Sonora, California. It was a three-bedroom home in which the child had a room of her own. The home is located in the country about six miles from the town of Sonora. In the immediate neighborhood there are a considerable number of children approximately the same age as Sherry who are her playmates. Sherry attends kindergarten, is doing well in school and appears to be happy and well adjusted. The father is steadily employed, earning a net income of approximately $75 per week. His mother takes care of the child while he is at work and does the cooking and washing for her. The child recently had been given a physical examination by a

qualified doctor and was found to be in good health. The grandmother testified that the child had not been ill with the exception of minor colds. The father testified that, in addition to his efforts to safeguard the physical well-being of the child, he had tried to promote her spiritual well-being by having her attend church with him.

On December 25, 1960, two days after the entry of the final judgment of divorce, appellant married Richard Dennis Brannan. Appellant admitted that while she was still married to respondent she had lived with Mr. Brannan for a considerable period, ending in February 1960. There was testimony that prior to the filing of the divorce action Brannan and appellant were frequently seen together, and that they shared an apartment on Pacific Coast Highway in Torrance. Brannan has one child by a previous marriage, and is paying child support of $50 per month.

Appellant's primary and principal contention is that "the findings are not supported by the evidence and the judgment is against the law." In her opening brief, she calls attention to section 138 of the Civil Code and its provision that in awarding custody of a minor child the court is to be guided "by what appears to be for the best interests of the child" and quotes from subdivision (2) which reads as follows: "As between parents adversely claiming the custody, neither parent is entitled to it as of right; but other things being equal, if the child is of tender years, custody should be given to the mother; if the child is of an age to require education and preparation for labor or business, then custody should be given to the father."

After the foregoing recital, appellant's brief declares: "The courts invariably award the custody of a minor child to the mother when the child is of tender years. So it was held in the cases of *Loomis* v. *Loomis* (1951) 89 Cal.App.2d 232 [201 P.2d 33] at p. 238, *Sorrels* v. *Sorrels* (1951) 105 Cal.App.2d 465 [234 P.2d 103] at page 469 and *Clayton* v. *Clayton* (1953) 117 Cal.App.2d 7 [254 P.2d 669]."

The last-quoted statement is manifestly incorrect and betrays a serious misconception of the law. The three decisions cited not only fail to support the statement, but they clearly demonstrate its error. The three cases were so completely different from the case at bar in their factual aspects that obviously they do not constitute controlling or persuasive precedents. However, they do state some very pertinent rules of law which are favorable to the decision of the trial court in

214

the instant case. ▮▮▮ *Clayton* v. *Clayton, supra,* states the true rule as follows at page 11:

"It is the rule that where a contest is between the opposing parents, both fit, the 'tender years' provision of subdivision 2 of section 138 of the Civil Code must be read with the provisions of subdivision 1 of the section making the welfare of the children a factor that must be considered. ▮▮▮ The trial court, when faced with two fit parents, must give consideration to the best interests of the children, and in determining that fact has a broad discretion in deciding whether other things are equal."

▮▮▮ It is also well settled that an application for a modification of an award of custody of a minor child is addressed to the sound legal discretion of the trial court, and that its exercise of this discretion will not be disturbed on appeal unless the record presents a clear case of an abuse of that discretion. (*Sanchez* v. *Sanchez,* 55 Cal.2d 118, 121 [10 Cal.Rptr. 261, 358 P.2d 533] ; *Munson* v. *Munson,* 27 Cal.2d 659, 666 [166 P.2d 268] ; *Gobar* v. *Gobar,* 175 Cal.App.2d 129, 135 [345 P.2d 480] ; *Kemmer* v. *Kemmer,* 142 Cal.App.2d 233, 236 [298 P.2d 26] ; *Frazier* v. *Frazier,* 115 Cal.App.2d 551, 557 [252 P.2d 693] ; *Hamilton* v. *Hamilton,* 104 Cal.App.2d 111, 115 [231 P.2d 69] ; *Bush* v. *Bush,* 81 Cal.App.2d 695, 699 [185 P.2d 38].)

▮▮▮ It is established by a legion of decisions that a California court will not order a change in the custody of a minor child in the absence of a showing that the welfare of the child clearly requires it. (*Norton* v. *Norton,* 112 Cal.App.2d 358, 359 [245 P.2d 1108] ; *Sorrels* v. *Sorrels, supra,* 105 Cal. App.2d 465, 469; *Johnson* v. *Johnson,* 72 Cal.App.2d 721, 723-724 [165 P.2d 552].)

▮▮▮ The trial court in this case heard the evidence which we have summarized, and had the opportunity to observe the appearance and demeanor of the parties and their witnesses. In the light of this record, and the authorities we have cited, appellant's contentions that "the findings are not supported by the evidence and the judgment is against the law" is completely without merit. The instant record clearly refutes any arguments that the order under review constituted an abuse of discretion.

▮▮▮ Appellant argues very briefly that the trial court erred in sustaining an objection to a question propounded to her designed to elicit testimony concerning a statement by the child with reference to her desire to live with appellant.

Appellant states that the child's statement was admissible as an exception to the hearsay rule in that it was offered merely to show the child's state of mind.

Assuming, *arguendo*, the admissibility of the statement, the assignment of error is without substance for several reasons. In the first place, both before and after the ruling in question, appellant was permitted to testify to alleged statements of the child to the effect that she desired to live with appellant. Prior to the ruling, appellant testified in her direct examination to a conversation she had with respondent, his mother and the child, during which, according to appellant, "Renee[1] started crying and Renee keeps telling them that she wants to be with me. . . ." Appellant's testimony then continued: "Q. Mrs. Brannan, has the minor child indicated to you her desire to live with you? A. Yes, she has."

After the questioned ruling, the witness was permitted to testify that the child had made similar statements in the presence of the father. Still later, appellant testified that on October 24, 1960, the child said to her: "Mama, I want to come and live with you." Assuming that the excluded answer was admissible, it obviously was merely cumulative, since appellant testified several times as to the making of the same statement. (*Kalmus* v. *Kalmus*, 103 Cal.App.2d 405, 423 [230 P.2d 57]; *Douillard* v. *Woodd*, 20 Cal.2d 665, 669 [128 P.2d 6].) Hence, the ruling was clearly harmless and non-prejudicial. (*Larimer* v. *Smith*, 130 Cal.App. 98, 104 [19 P.2d 825].)

In any event, it is the law that where a child is under the age of 14 years, it is not an abuse of discretion for the trial court to determine the matter of custody without considering the child's wishes. (*Sanchez* v. *Sanchez, supra*, 55 Cal.2d 118, 124; *Gantner* v. *Gantner*, 39 Cal.2d 272, 275, 276 [246 P.2d 923]; *Stack* v. *Stack*, 189 Cal.App.2d 357, 364 [11 Cal.Rptr. 177].)

In discussing his objection to the question as to the child's extrajudicial statement, counsel for respondent stated as follows: "MR. DAVIDSON: I have no particular objection if we are accorded the same privilege. Either that or we presume we ought to have the child come, perhaps, for you to talk to, whatever way the Court thinks best. But if she is going to be saying what the child says, I would like the same privilege." Counsel for appellant made no direct response to the fore-

[1]The child's full legal name appears to be Sherry Renee Shaw.

going statement. Appellant appeared unwilling to accept respondent's suggestion that either the judge should talk to the child or that she be called as a witness. (See *Robelet* v. *Robelet,* 130 Cal.App.2d 244, 248 [278 P.2d 753].)

The present record reveals no abuse of discretion nor any prejudicial error.

Affirmed.

Fox, P. J., and Ashburn, J., concurred.